# FISCHETTI
## & MALGIERI LLP
Attorneys at Law

747 Third Avenue, 20th Floor
New York, NY 10017
212-593-7100 Tel
212-758-2809 Fax
*www.fischettilaw.com*

*Ronald P. Fischetti*
*Phyllis A. Malgieri*

February 10, 2012

<u>**VIA ECF**</u>

Nicole M. Argentieri, Esq.
Stephen E. Frank, Esq.
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Badalamenti, et. al.
<u>Criminal Docket No. 12-050 (S-1) (CBA)</u>

Dear Ms. Argentieri and Mr. Frank:

During our status conference on February 7, 2012, it was represented that the government would provide the defense with a set of discovery, which consists of consensual recordings, search warrants and affidavits, and other materials which are covered by Rule 16. We hereby request that this first round of discovery disclosure also include any and all information which is either exculpatory pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), or which may be used to impeach Giovanni Floridia or Hector Pagan, and is therefore discoverable pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).

It is well established that the Government is obligated to provide favorable evidence to the defense where it is material to guilt or punishment. *Brady*, 373 U.S. at 87; *In re. United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001). "Favorable evidence includes not only evidence that tends to exculpate the accused but also evidence that is useful to impeach the credibility of a government witness." *Coppa*, 267 F.3d at 139 (citing *Giglio v. United States*, 405 U.S. 150, 154(1972)).[1]

To be clear, we do not seek the immediate production of the voluminous impeachment material of Joseph Massino or any other prospective witness who will merely provide testimony concerning "enterprise proof" – i.e. how the alleged enterprise functions, or who the alleged members of the enterprise are, but rather, we seek any and

---

[1] If the government's position is that the sought after materials exist, but that it does not believe that disclosure at this time is warranted, we request that you identify the nature of the materials which are in the government's possession and a written explanation explaining why said materials are being withheld.

# FISCHETTI
## & MALGIERI LLP
Attorneys at Law

February 10, 2012
Page 2

all Brady/Giglio material concerning the anticipated witnesses who will provide factual details concerning the alleged underlying criminal activity contained in the indictment.

Since both Giovanni Floridia and Hector Pagan are cooperating witnesses who will testify at the trial of the defendants in this matter, and both are under the protection of the government, delayed disclosure of their *Giglio* material is not justified based on a concern for their safety.

There can be no doubt that Mr. Floridia and Mr. Pagan have engaged in numerous crimes, many of which are violent in nature. For example, the information concerning Mr. Pagan's participation in a July, 2010 robbery/murder of an alleged Luchese associate, and his expectations of leniency concerning same, is clearly information which the government possesses, and should be disclosed pursuant to Giglio. Likewise, the information concerning Mr. Floridia's criminal past, including his attempted murder of Joseph Campanella should be disclosed as well. Said information, which is surely in the possession of the government must be disclosed to enable the defense to fully explore the use of said materials. See Grant v. Alldredge, 498 F.2d 376, 382 (2d Cir. 1974) (requiring advance disclosure "to allow for full exploration and exploitation by the defense.") See also United States v. Baum, 482 F.2d 1325 (2d Cir. 1973); United States v. Gallo, 654 F. Supp. 463, 474 (E.D.N.Y. 1987); United States v. Starusko, 729 F.2d 256, 263 (3d Cir. 1984); Government of the Virgin Islands v. Ruiz, 495 F.2d 1175, 1179 (3d Cir. 1974) (encouraging an "affirmative policy of prompt compliance" and noting that "more meticulous attention to the government's obligations . . . is highly desirable.").

Furthermore, we also request that you provide any other information which could yield fodder for impeachment of Messrs. Floridia and Pagan. In this regard, we request that your disclosure include, but not be limited to the following:

1) the rap sheet of Messrs. Floridia and Pagan. Because a witness' rap sheet may not accurately reflect the number of convictions, early production is necessary to investigate the accuracy of the entries. Perkins v. Le Fevre, 691 F.2d 616, 619 (2d Cir. 1982);

2) a written description of any conduct that may be admissible under Federal Rule of Evidence 608, either known by the government to have been committed by Messrs. Floridia and Pagan, including, but not limited to copies of their plea agreements, and 302's which detail their prior bad acts.

# FISCHETTI
## & MALGIERI LLP
Attorneys at Law

February 10, 2012
Page 3

3) On the issue of bias, the government should also disclose evidence of any efforts on the part of the government and its agents to aid or obtain benefits for the witness including, but not limited to, the following:

   a) letters to anyone informing the recipient of the witness' cooperation;
   b) recommendations concerning federal aid or benefits;
   c) recommendations concerning licensing, certification or registration;
   d) promises to take action to help the status of the witness in a profession, business or employment;
   e) aid in securing or maintaining the business or employment of a witness;
   f) direct payments of money or subsidies to the witness; and
   g) any intercession by any government agent with any law enforcement agency on behalf of the witness. United States v. Able, 469 U.S. 45 (1984); United States v. James, 609 F.2d 36, 46 (2d Cir. 1979), cert. denied, 445 U.S. 905 (1980); United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986).

4) any evidence that either Messr. Floridia or Pagan was suffering from any physical or mental disability, emotional disturbance, drug addiction (including steroids) or alcohol addiction at a time during the period covered by the indictment; and

5) any lie detector reports, whether oral or written, relating to tests administered to any witness whom the government anticipates calling in its case-in-chief.

Since this material is surely in the possession of the government, and is clearly required to be disclosed to the defense, we submit this letter to request that you comply with this discovery obligation without undue delay. Since it may take a significant amount of time to track-down and verify the full details of each of the potentially numerous prior cases or acts of misconduct of the witnesses - even after counsel has been notified as to their existence - disclosure should be provided on an early and continuing basis to prevent any delay of trial.

Respectfully submitted,

/s/

Ronald P. Fischetti

cc:    Honorable Carol B. Amon
       All Defense Counsel (by ECF)