

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:NMA                                           *271 Cadman Plaza East*
F.#2011R02050                                    *, New York 11201*

February 15, 2012

By Hand Delivery and ECF

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                    Re:  United States v. Vincent Badalamenti
                         Criminal Docket No. 05-060 (S-1)(CBA)

Dear Chief Judge Amon:

        The government respectfully submits this letter to
notify the Court of potential attorney conflicts of interest that
have come to the government's attention in the above-captioned
case against Vincent Badalamenti (the "defendant"), a ruling
panel member in the Bonanno organized crime family of La Cosa
Nostra (the "Bonanno family").  Specifically, one of the
defendant's attorneys, Ronald P. Fischetti, Esq., previously
represented an individual (hereinafter, the "CW") who is now
cooperating with the government and who the government
anticipates will testify at trial against the defendant.  In
addition, Mr. Fischetti and two of the defendant's other
attorneys have represented, variously, other members of La Cosa
Nostra, including Bonanno family captain Louis Attanasio, Gene
Gotti and Dominic Cefalu, both captains in the Gambino family of
La Cosa Nostra (the "Gambino family"), and Gambino family soldier
Joseph Sclafani.  Accordingly, the government requests that the
Court appoint Curcio counsel for the defendant and schedule a
Curcio hearing after appointed counsel has had adequate time to
consult with the defendant.

        As set forth below, the government advises the Court of
these circumstances in accordance with Rule 44(c) of the Federal
Rules of Criminal Procedure ("Rule 44(c)") and pursuant to its

2

obligation under Second Circuit law so the Court may conduct the appropriate inquiry pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).  See, e.g., United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996); United States v. Malpiedi, 62 F.3d 465, 467 (2d Cir. 1995).

I.   Background

     A.   The Charged Racketeering Conspiracy

          On January 26, 2012, a grand jury returned a superseding indictment charging the defendant with, inter alia, racketeering in connection with his association with the Bonanno family, in violation of 18 U.S.C. § 1962(c).  On January 27, 2012, the indictment was unsealed, the defendant was arrested and arraigned, and Mr. Fischetti represented him at the arraignment. That day, Mr. Fischetti and Eric P. Franz, Esq., filed a notice of appearance as counsel for the defendant.[1]

          The defendant engaged in the charged racketeering conspiracy with Bonanno family members and associates, including the CW, who, prior to his cooperation, held a high-ranking position in the Bonanno family.

     B.   Defense Counsel

          Mr. Fischetti represented the CW in connection with a civil RICO action in United States v. Massino, et al., 87 CV 974 (ILG).  The CW has advised that he does not object to Mr. Fischetti representing the defendant in this case.

          In addition, Messrs. Fischetti, Franz and Mancilla have represented other members of organized crime.  Court records reveal that, for example, Mr. Fischetti represented Bonanno family captain Louis Attanasio, see United States v. Attanasio, et al., 03 CR 1382 (NGG), and Gambino family captain Gene Gotti, see United States v. Gotti, et al., 83 CR 412 (JBW).  Mr. Franz represented, among others, Gambino family soldier Joseph Sclafani, see United States v. Sclafani, et al., 99 CR 1146 (ARR), and Mr. Franz and Mr. Mancilla currently represent Gambino family captain Dominick Cefalu, see United States v. Cefalu, et al., 11 CR 824 (JS).

---

          [1]   To date, Andrew Leopoldo Mancilla, Esq., has also filed a notice of appearance on behalf of the defendant in this case.

II.  Applicable Law

    A.   Overview

        The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel.  See Wood v. Georgia, 450 U.S. 261, 271 (1981); United States v. Perez, 325 F.3d 115, 124 (2d Cir. 2003).  That right, however, is not absolute and does not guarantee the defendant counsel of his own choosing. See United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004); United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993).  While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict."  Jones, 381 F.3d at 119 (citing Locascio, 6 F.3d at 931); see also Wheat v. United States, 486 U.S. 153, 164 (1988).

        To determine if the defendant's counsel is burdened by a conflict of interest, the court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all."  United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994).  An actual conflict exits "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client."  Jones, 381 F.3d at 119 (internal quotation marks and citations omitted).  A potential conflict arises if "the interests of the defendant could place the attorney under inconsistent duties in the future."  Id. (emphasis and citations omitted).  If the attorney suffers from an actual or potential conflict of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation, the court must disqualify that attorney.  See United States v. Lussier, 71 F.3d 456, 461-62 (2d Cir. 1995).

        Regardless of the severity of the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  Wheat, 486 U.S. at 160.  "The question of [attorney] disqualification therefore implicates not only the Sixth Amendment right of the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial."  Locascio, 6 F.3d at 931.  Accordingly, "a district court should decline to permit a defendant to be represented by the

counsel of his choice if that representation would undermine the
integrity of the judicial process." United States v. DiPietro,
No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29,
2004) (citing Wheat, 486 U.S. at 163).

    B.    Potential Conflicts

        An attorney's prior representation of a government
witness or an unindicted co-conspirator presents an inherent
conflict of interest.  See Locascio, 6 F.3d at 931; United States
v. Iorizzo, 786 F.2d 52, 57 (2d Cir. 1986); Restatement (Third)
of the Law Governing Lawyers § 121 (2000) (recognizing that a
serious problem arises when "there is a substantial risk that the
lawyer's representation of the client would be materially and
adversely affected by . . . the lawyer's duties to . . . a former
client[.]").  This is because a lawyer owes an absolute duty of
loyalty and confidentiality to his former client.  United States
v. Yannotti, 358 F. Supp. 2d 289, 295 (S.D.N.Y. 2004); United
States v. Rahman, 861 F. Supp. 266, 274 (S.D.N.Y. 1994); ABA
Model Code of Professional Responsibility, Ethical Consideration
4-6.  That duty, which remains in force even after representation
ends, precludes the lawyer from disclosing matters revealed to
him by reason of the confidential relationship, absent release
from that duty under the law.  Rahman, 861 F. Supp. at 274; EC
4-6 ("The obligation to protect confidences and secrets of a
client continues after the termination of employment.").

        That means that a lawyer cannot use privileged
information obtained from his former client during a prior
representation or act in any way that would adversely affect that
client in the present proceeding.  United States v. James, 708
F.2d 40, 45-46 (2d Cir. 1983); United States v. Cunningham, 672
F.2d 1064, 1072-73 (2d Cir. 1982).  Thus, in representing his
current client, a lawyer cannot attack his former client through
cross-examination or argument to the jury.  United States v.
Pizzonia, 415 F. Supp. 2d 168, 177-78 (E.D.N.Y. 2006); Rahman,
861 F. Supp. at 277; United States v. Massino, 303 F. Supp. 2d
258, 262 (E.D.N.Y. 2003) ("Because of [the attorney's] prior
representation of [the cooperating witness], [the attorney]
cannot ethically cross-examine [the cooperating witness] without
his consent."); United States v. Falzone, 766 F. Supp. 1265, 1275
(W.D.N.Y. 1991) (finding it improper for an attorney to cross-
examine his prior client because the attorney is in a position to
use information gleaned from the prior representation "either
purposely or inadvertently").  This effectively precludes a
lawyer from vigorously cross-examining his former client or
commenting on his credibility, which may be essential to the
effective representation of his current client.  United States v.

Kelly, 870 F.2d 854, 856-57 (2d Cir. 1989) (finding
disqualification necessary because the defendant's interests
would best be served by "vigorous cross-examination of the
informant in a manner wholly inconsistent with the informant's
interests," a task that defense counsel could not perform without
"violat[ing] the rights of the informant" to expect continued
loyalty and confidentiality from his former attorney); United
States v. Malpiedi, 62 F.3d 465, 469 (2d Cir. 1995) (finding that
the lawyer was prohibited from seeking to "conduct a thorough,
no-holds-barred cross-examination . . . because of [the lawyer's]
obligations as [the witness's] prior attorney").  Therefore, a
lawyer who previously represented a government witness may be
disqualified from representing a defendant against whom that
witness is expected to testify.  United States v. Spataro, 04 CR
911 (SJ), 2005 WL 3775954, at *2-4 (E.D.N.Y. Dec. 23, 2005)
(disqualifying defense counsel in part because of "a serious
conflict between duties owed to [a government witness] as a
former client and [the defendant] as a current client").

        In addition, prior representation of a government
witness or an unindicted co-conspirator may create a conflict
limiting the defendant's ability to enter into plea negotiations
or cooperate with the government.  United States v. Christakis,
238 F.3d 1164, 1169 (9th Cir. 2001) (attorney's interest in
protecting the former client conflicted with the defendant's
interest in implicating the former client for reduced
sentencing); United States v. Allen, 831 F.2d 1487, 1496-97 (9th
Cir. 1987); but see Pizzonia, 415 F. Supp. at 180
("[s]imultaneous representation of an unindicted co-conspirator
does not necessarily create an 'inherent conflict' limiting a
defendant's ability to enter plea negotiations").

        Where representation of a former client is
substantially related to representation of the current client --
i.e., involving the same subject matter -- the Second Circuit has
found an actual conflict of interest.  See, e.g., Malpiedi, 62
F.3d at 467 (reversing the guilty verdict because the defendant's
attorney represented a government witness during the grand jury
proceeding in the same case); Ciak v. United States, 59 F.3d 296,
304 (2d Cir. 1995) (reversing the guilty verdict because the
defendant's attorney represented a government witness in a
related forfeiture proceeding), abrogated on other grounds by
Mickens v. Taylor, 535 U.S. 162 (2002); James, 708 F.2d at 46
(affirming disqualification of an attorney who formerly
represented the head of a narcotics organization in a related
case, finding "that the present issues are substantially related
to the subject matter of the past representation, and that
defense counsel quite likely have received confidential

information from the witness" such that "even the constitutional dimension of a criminal defendant's right to counsel of his choice does not give the defendant the right to take advantage of his preferred attorney's confidential knowledge gained from prior representation of the witness").

     C.   Curcio Waiver

     If the conflict of interest is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in Curcio.  See, e.g., Malpiedi, 62 F.3d at 470; Levy, 25 F.3d at 153; Iorizzo, 786 F.2d at 58-59.  In summarizing the Curcio procedures, the Second Circuit has instructed the trial court to:

> (i) advise the defendant of the dangers arising from
> the particular conflict; (ii) determine through
> questions that are likely to be answered in narrative
> form whether the defendant understands those risks and
> freely chooses to run them; and (iii) give the
> defendant time to digest and contemplate the risks
> after encouraging him or her to seek advice from
> independent counsel.

Iorizzo, 786 F.2d at 59; see also Curcio, 680 F.2d at 888-90.  By routinely relying on waivers of potential conflict claims, courts are spared from having to wade into the intricacies of those claims.  United States v. Jiang, 140 F.3d 124, 128 (2d Cir. 1998).

     The need for a Curcio hearing exists regardless of whether a case is disposed of by way of guilty plea or trial.  "A claim that counsel is conflicted is in essence a claim of ineffective assistance of counsel."  Stantini, 85 F.3d at 15. Likewise, "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered."  Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996).  Therefore, it necessarily follows that a defendant has a right to conflict-free representation during the plea negotiation stage.  See id. ("'[P]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.'") (quoting Von Moltke v. Gillies, 332 U.S. 708, 721 (1948)) (emphasis added); see also Stantini, 85 F.3d at 16-17 (suggesting that ineffective assistance of counsel may be shown if attorney's dual

representation led to inadequate advice "with respect to the advantages or disadvantages of a plea").

III.   Discussion

       Based on the facts set forth above, there exist potential conflicts of interest.  Mr. Fischetti previously represented the CW.  Therefore, Mr. Fischetti may be precluded from cross-examining the CW or attacking his credibility.  The defendant has not indicated whether he agrees to waive his right to have Mr. Fischetti cross-examine the CW or comment on the CW's credibility at trial.[2]

       In addition, Messrs. Fischetti, Franz and Mancilla have represented other members of organized crime.  Therefore, both Mr. Fischetti and Mr. Franz may be precluded from properly advising the defendant as to his options in this case because certain options may be adverse to the interests of their former and current clients.  Among other things, the defendant could potentially receive a reduced sentence if he were to truthfully implicate Attanasio, Cefalu or other members and associates of organized crime in criminal activity.  The defendant's cooperation with the government would be directly adverse to these individuals' interests.

* * *

       Notwithstanding the limitations outlined above, a defendant can generally waive potential conflicts arising from his attorney's prior representation of a co-conspirator or government witness.  See Perez, 325 F.3d at 124 (citing United States v. Fulton, 5 F.3d 605, 613 (2d Cir. 1993)).  The Second Circuit has recognized that "[o]ur cases . . . support allowing waiver of the conflict that arises when an attorney must cross-examine a former client in order to effectively represent a current client."  United States v. Oberoi, 331 F.3d 44, 50 (2d Cir. 2003).  Such a waiver is allowed because:

       Although such a conflict might require a defendant to
       abandon a particular defense or line of questioning, he

_____

       [2]      Should the defendant not agree to such a waiver, or should the Court refuse to accept the waiver, then Mr. Fischetti's prior representation of the CW may require his disqualification.  Spataro, 2005 WL 3775954, at *3 ("An independent basis for disqualification can arise when an attorney must cross-examine at trial a witness who is a former client.").

8

can be advised as to what he must forgo; he "can then
seek the legal advice of independent counsel and make
an informed judgment that balances the alteration in
the trial strategy against the perceived effect of
having to get a new and perhaps less effective defense
counsel."

Perez, 325 F.3d at 124 (quoting Fulton, 5 F.3d at 613).

IV.   Proposed Questions

        In the event the Court determines that the defendant
can waive the potential conflicts of interest, the government
proposes that the Court advise the defendant as follows:

    I am advised that Mr. Fischetti previously represented
    a cooperating witness, to whom I will refer as the
    "CW."  Your attorneys have certain ethical obligations
    to their current or former clients.  For example, it
    might be a conflict of interest for your attorneys to
    investigate leads, introduce evidence or make arguments
    on your behalf that might tend to incriminate or cast
    suspicion on their former clients, including the CW.
    In addition, it might be a conflict of interest for Mr.
    Fischetti, who previously represented the CW, to cross-
    examine the CW or make arguments about his credibility.

    Your attorneys also may have privileged information
    from their former clients that could assist in your
    defense but that they could not disclose because of
    their ethical duties.  It also is possible that another
    attorney could take a certain position with respect to
    your involvement (or non-involvement) in the crime
    charged against you, whereas your attorneys may be
    ethically barred from pursuing such a defense strategy
    due to contrary information they may have obtained from
    their former clients.

    There may be other issues, in addition to the ones that
    I have just described, that can arise in which your
    attorneys' ability to do certain things might be
    affected by the fact they represented other clients in
    matters related to this case or the Colombo family.  No
    one can foresee every possible conflict of interest.

    Do you have any questions about what I have just
    explained to you?  Can you tell me in your own words

9

what you understand the potential conflicts of interest
to be?

You have the right to be represented by an attorney who
does not have any possible conflicts of interest in
representing you at all stages of this case, including
any plea negotiations.  If you proceed with your
attorneys, you will be giving up that right.  Do you
understand that?

Have you discussed these issues with your attorneys?

You also have the right to consult with an independent
attorney who can advise you about the possible
conflicts of interest that might arise if you proceed
with your attorneys.  Do you understand that?

You are not under any pressure to make a decision about
this right now.  You are entitled, if you wish, to a
reasonable period of time to think about these matters,
or to consult further with your lawyers or with another
lawyer before you advise the Court what you wish to do.

10

V.   <u>Conclusion</u>

        For the foregoing reasons, the Court should notify the
defendant of the potential conflicts raised above and conduct an
appropriate inquiry pursuant to Rule 44(c) and <u>Curcio</u>.  The Court
should further advise the defendant regarding his right to
conflict-free representation and determine if he can waive those
rights.


                                Respectfully submitted,

                                LORETTA E. LYNCH
                                UNITED STATES ATTORNEY


                        By:     _____/s/_____
                                Nicole M. Argentieri
                                Stephen E. Frank
                                Kristin Mace
                                Assistant U.S. Attorneys
                                (718) 254-6232/6143/6879


cc:  Ronald P. Fischetti, Esq. (by ECF)
     Eric P. Franz, Esq. (by ECF)
     Andrew Leopolo Mancilla, Esq. (by ECF)