# FISCHETTI
# & MALGIERI LLP
Attorneys at Law

747 Third Avenue, 20th Floor
New York, NY 10017
212-593-7100 Tel
212-758-2809 Fax
www.fischettilaw.com

*Ronald P. Fischetti*
*Phyllis A. Malgieri*

February 13, 2012

**VIA FACSIMILE 718-613-2365**

Honorable Cheryl L. Pollack
United States Magistrate Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201-1818

        Re: *United States v. Badalamenti*
             *Criminal Docket No. 12-050 (S-1) (CBA)*

Dear Judge Pollack:

    I am writing to follow up on today's detention hearing concerning Mr. Badalamenti.

    As the Court will recall, among the arguments advanced by Mr. Badalamenti is the fact that despite the government's claim that he poses such a danger to the community that he cannot be released on bail, that the government waited approximately seven years to arrest him for the conduct which forms the basis for two of the three Racketeering Acts included in Count One of the Indictment. Specifically, the government has alleged that Mr. Badalamenti extorted a bar owner as well as a cooperator (who will not be identified in this submission) in the form of a $50,000 loan – both alleged to have occurred between January 1, 1999 – December 31, 1999. Neither are included as independent, substantive charges in the Indictment since they are time-barred on statute of limitations grounds.

    As the undersigned represented, this information was provided to the government as early as September, 2004, and yet the government never arrested Mr. Badalamenti for same until his most recent arrest on this Indictment. Rather than responding to that argument, the government created a side-show distraction by accusing the undersigned of improperly possessing the relevant 302's concerning these allegations – 302's which represent the statements of the alleged victim in 2004. Indeed, AUSA Frankel accused me of violating a protective Order concerning said 302's, and stated that, in essence, that as an officer of the Court I should know better.

## FISCHETTI
## & MALGIERI LLP
Attorneys at Law

*First,* having not been forewarned that such a protective Order existed, it cannot be responsibly argued that I violated it. *Second,* and more disturbing, is the fact that AUSA Frankel accused me of violating a protective Order which does not exist. Following today's proceeding I inquired of experienced counsel, who provided me with the documents, and who is familiar with the matter in which the subject 302's were disclosed. I was informed that no protective Order was issued concerning said materials. Thus, the government's accusations against me are unfounded and as officers of the court, the government prosecutors should know better than to make unfounded allegations against undersigned counsel.

Here, while we recognize that the government is permitted to proceed at a bail hearing, by proffer, we urge the Court to consider the prosecution's false accusation against me in determining how much stock, if any, to put in the government's proffered statements which are designed to preclude Mr. Badalamenti's release on bail – at all costs.

Were this Court to rely on the proffer statements by these prosecutors, the risk is created that their averments are likewise untrue and that if detained as a result, Mr. Badalamenti will suffer irreparable harm – that is, if he is wrongfully detained due to misinformation, this harm cannot be undone. His ability to prepare for trial will be unduly and unnecessarily hampered, all as a result of the unsupported statements by the government.

Furthermore, we respectfully urge the Court to focus its deliberations on the specific acts of misconduct for which Mr. Badalementi stands accused. The additional, global statements by the government that Mr. Badalamenti was engaged in other, uncharged criminal conduct, for the last ten years should not receive any consideration by this Court.

For these reasons, and the reasons advanced at today's hearing, we respectfully submit that the government has not sustained its burden of demonstrating that Mr. Badalamenti poses such a danger or flight risk that he is ineligible for bail. As such, an Order setting appropriate bail conditions for his release should be So Ordered.

Respectfully submitted,

Ronald P. Fischetti