# FISCHETTI
## & MALGIERI LLP
Attorneys at Law

747 Third Avenue, 20th Floor
New York, NY 10017
212-593-7100 Tel
212-758-2809 Fax
*www.fischettilaw.com*

*Ronald P. Fischetti*
*Phyllis A. Malgieri*

March 12, 2012

**Via ECF, First Class Mail & Via Facsimile**

Honorable Carol B. Amon
Chief United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **United States v. Vincent Badalamenti**
**Criminal Docket No. 12-050 (S-1)(CBA)**

Dear Chief Judge Amon:

  I submit this letter with regard to the separation order that is currently in place at the MDC. As Your Honor is aware from our recent status conferences, visiting under these conditions have proven to be difficult and extremely inefficient.

  After our February 7, 2012, court appearance wherein I voiced my concern over the length of time it had taken my partner and myself to see our client our prior visits, Ms. Argentieri informed the Court that counsel in other cases similarly situated just informed each other as to when they would be visiting and that seemed to work. For every subsequent client visit, Ms. Malgieri has informed all co-counsel as to the day and time we would be visiting. For the next three visits, all on Fridays, February 10, 17 and 24, we were met with waiting periods of over one hour each time. At one of these visits, we were informed that a co-defendant was in medical so there was no movement of any other inmate under the separation order – on this occasion, my waiting time approached 2 ½ hours.

  Recently, when Ms. Malgieri visited Mr. Badalamenti this past Friday and cleared her visit with all other co-counsel in the case, she arrived at the prison at 9 AM, one of Mr. Badalamenti's codefendants was just finishing a legal visit and the co-defendant was brought back up at 9:30 AM. Thereafter, Mr. Badalamenti was not produced for another one and half hours, causing Ms. Malgieri to wait until 11 AM (2 hours after she arrived at the institution) to commence her legal counsel meeting.

  Today, upon arriving at the MDC to visit Mr. Badalamenti, I was forced to wait for approximately 45 minutes before I was even permitted to enter the facility. Once I gained entry, I waiting a little over 30 minutes prior to his production in the visiting area.

# FISCHETTI
## & MALGIERI LLP
Attorneys at Law

During my visit with him, I was approached by one of the guards who informed me that one of Mr. Badalamenti's co-defendants was awaiting a family visit and that were I to remain, that family visit could not occur. I therefore abruptly ended my meeting with Mr. Badalamenti since I did not wish to intrude on another defendant's ability to enjoy their visit with their family members.

Thus, it cannot be overstated that the accommodation offered by AUSA Argentieri, during the February 7, 2012 status conference, has not provided any meaningful relief to this ongoing problem.

In this regard, I have tried to determine an effective alternative to this dilemma. Unfortunately, I have not been able to come up with one. However, this entire predicament begs the following question: "Why are these separation Orders necessary, for **these** defendants." Indeed, the only discussion concerning the justification for the separation Orders occurred during the February 7, 2012 status conference, where AUSA Argentieri stated in sum and substance: "we do it in all of the Bonanno cases."[1] Surely, that this has been historically done, does not justify the issuance of the separation orders in this case, especially when balanced against the impediment it has caused on counsel's ability to confer with my client.

It bears emphasis that at no time, has the government alleged that Mr. Badalamenti has attempted to tamper with witnesses or engaged in any obstructionist behavior. Surely had this occurred, the government would have raised this issue during either of Mr. Badalamenti's detention hearings.

I bring to the Court's attention that it is not only co-counsel meetings that I have to contend with but also medical and social visits as well.

Thus, I respectfully request that the Court Order a conference at which time we can address the validity and necessity of the instant separation orders, at which time we request that the Court either (1) vacate the separation orders; or (2) assist the parties in coming up with a solution to this ongoing problem.

Most respectfully,

Ronald P. Fischetti

cc: AUSA Nicole Argentieri
   All Co-Counsel

---

[1] Unfortunately, this is based on my recollection since I have been unsuccessful in obtaining the transcript of said proceeding from the Court reporter, Allan Sherman, even though we left a message and ordered a copy of the transcript on February 20, 2012. Numerous follow up attempts to receive the transcript have proven unsuccessful.