# FISCHETTI & MALGIERI LLP
### Attorneys at Law

747 Third Avenue, 20th Floor
New York, NY 10017
212-593-7100 Tel
212-758-2809 Fax
www.fischettilaw.com

*Ronald P. Fischetti*
*Phyllis A. Malgieri*

March 19, 2012

<u>**Via ECF**</u>

Honorable Carol B. Amon
Chief United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>**United States v. Vincent Badalamenti**</u>
       <u>**Criminal Docket No. 12-050 (S-1)(CBA)**</u>

Dear Chief Judge Amon:

  Please accept this letter in response to the Government's letter, dated March 15, 2012 concerning the Separation Orders which have been issued against Mr. Badalamenti and his codefendants. Based on the government's statement that the separation orders are necessary to avoid the risk of physical harm befalling a government prosecutor and/or the Court, undersigned counsel hereby withdraws my request for the separation orders to be vacated at this time. However, counsel wishes to respond to some of the statements contained in the government's submission to afford the court a complete record concerning same.

  To begin, the government claims (at footnote 3) that "contrary to the Fischetti letter, the government did not argue that separation is appropriate simply because 'we do it in all of the Bonanno cases.'" While, at the time the referenced letter was submitted to the Court, counsel had still not received a copy of the transcript from the February 7, 2012 status conference, (as indicated at footnote 1 of said letter, dated March 12, 2012), counsel has since received the transcript which does indeed include such a statement. Specifically, the transcript reads as follows:

> MS. ARGENTIERI: These separation orders are standard in every Bonanno Crime Family case that I have prosecuted for the last four years. They are in place to protect the community because there has been ample testimony in this court house about members of the Bonanno Family continuing to run the affairs of the family from behind bars.

FISCHETTI
& MALGIERI LLP
Attorneys at Law

Thus, the transcript reveals that the government did in fact urge that the separation orders were in placed because it is "standard" in Bonanno cases. True, the transcript reveals the additional proffered reason for the separation Orders, but the arguments advanced simply relied upon historical conduct of those alleged to be members of the Bonanno Family – but not conduct of Mr. Badalamenti.

Next, counsel recognizes that minor delays are typical at the MDC, but the waiting time we have experienced in this case are nothing short of atypical and are truly extraordinary. Having visited the MDC many times we submit that the normal delay can range from 15 to 30 minutes. On attorney visits with Mr. Badalamenti, the delays have been consistently longer – at times lasting several hours. Delays of several hours is not routine or normal and we stand by our averments that the delays have been occasioned by the subject separation orders.

Insofar as the government's letter suggests that counsel either misunderstood the representations of the prison guards or assumed too much when counsel was informed that a delay in visiting Mr. Badalamenti was related to the separation orders, I maintain that we are not mistaken in light of the fact that we witnessed other defendants entering the visiting room throughout our waiting time. Further, what counsel reported in our letters was stated to us did in fact occur, and thus the MDC's policy concerning reference to a separation order when speaking with defense counsel was obviously breached. Any suggestion that we have either misrepresented what was stated by the guards, or that we misunderstood the guards is simply an unpersuasive attempt to undermine the validity of the claims raised in our previous submissions.

To suggest that these delays can be avoided by working with co-counsel to arrive at a workable schedule oversimplifies the reality of how the MDC functions. For example, on one occasion it took over 2 ½ hours for the staff to bring Mr. Badalamenti to the attorney visiting room, I was informed by the guard that the delay was a result of one of the defendants being *taken to medical*. Indeed, Ms. McFarland acknowledges this very situation. It is impossible for counsel to predict when co-defendants will have medical visits as those decisions are made solely by the MDC. These delays are a direct result of the separation orders and they are beyond the control of counsel.

In addition, on March 9, 2012 when it took 1 ½ hours for the MDC staff to bring Mr. Badalamenti down, Ms. Malgieri was informed by the guard that not only was there a separation order preventing Mr. Badalamenti from being transported to the visiting room, but that the guards failed to advise him when the other inmate with whom the separation order was against, had been transported over 1 hour ago and that Mr. Badalamenti was free to be transported. Suffice to say, the notion that counsel can simply "work with other defense counsel" to alleviate the difficulties presented by the Separation Orders is absurd.



FISCHETTI
& MALGIERI LLP
Attorneys at Law

      Further, I have reviewed the government's proposal concerning a visiting schedule and it is simply inadequate.  First, the proposal does not address the needless delays which we maintain is a result of the separation orders.  Second, in addition to the delays, to be restricted to seeing our client as we approach trial to only one day, a morning and alternating Sundays is impractical in light of the vast amount of material which counsel will need to review with our client as the trial draws nearer.

      Thank you.

                                    Respectfully submitted,

                                    Ronald P. Fischetti