

FISCHETTI
& MALGIERI LLP
Attorneys at Law

747 Third Avenue, 20th Floor
New York, NY 10017
212-593-7100 Tel
212-758-2809 Fax
*www.fischettilaw.com*

*Ronald P. Fischetti*
*Phyllis A. Malgieri*

July 19, 2012

**VIA ECF**

Honorable Carol B. Amon
Chief United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:     **United States v. Vincent Badalamenti**
>          **Criminal Docket No. 12-050 (S-1)(CBA)**

Dear Chief Judge Amon:

I submit this letter in response to the Government's letter submission dated July 18, 2012 concerning Mr. Badalamenti's upcoming sentencing.

Put simply, we respectfully submit that in fashioning the appropriate sentence in the instant matter, that this Court should credit Mr. Badalamenti for the time he has already served following his 2003 guilty plea and sentence since his instant plea allocution stems from the same conduct as that to which he pled guilty in the 2003 matter. The government's letter in opposition makes the following remarkable assertions:

> The defendant claims that the Court should grant credit for the time he served related to his 2003 guilty plea, based on the conclusory, and incorrect, assertion that the 2003 guilty plea and the current guilty plea stem from the same conduct.

> The defendant has offered no documentary support that the 2003 guilty plea and the current guilty plea stem from the same conduct.

*Gov't. letter dated July 18, 2012 at page 3.*

FISCHETTI
& MALGIERI LLP
Attorneys at Law

*First*, we respectfully maintain that the guilty plea in both cases did indeed stem from the same conduct – the collection of monies from a man named Stanley during the time frame of February 2002 and August 2002. Since the monies which were wrongfully collected were from the same victim, during the same time frame, and in the same jurisdiction, we respectfully submit that the conduct remains the same. The government attempts to prove too much by relying on the differences between the two guilty plea allocutions, for those distinctions are simply the result of the plea allocutions being tailored to satisfy the statutory elements of the charges to which he pled guilty. The underlying facts or *actus reas*, if you will, remain the same. Both allocutions center on the very same unlawful collection of money from Stanley.

Furthermore, it bears emphasis that the only differences between the two allocutions is that in the 2003 case, (1) Mr. Badalamenti allocuted to collecting the money through extortionate means, and in the instant matter, the allocution omits reference to "extortionate means" since that is not an element of the instant conviction, and (2) in the instant allocution, Mr. Badalamenti allocuted that the unlawful collection of money was on behalf of an enterprise – this too was necessary to satisfy the statutory elements for the instant conviction. However, these distinctions do **not** lead to the inescapable conclusion that the offense conduct was different, but rather that the same conduct could constitute a violation of two separate criminal statutes.

Moreover, Your Honor's inquiry of Mr. Badalamenti concerning his knowledge and awareness of the enterprise's activities beyond 2002 until 2011 does not bespeak further criminal activity of Mr. Badalamenti. Indeed, at most, it proves his knowledge of such activity, but not his participation in same.

Nevertheless, what is most troubling by the Government's submission is the fact that rather than address the facts concerning the underlying monies which were wrongfully collected, the government seeks to condemn the defense position by simply claiming that we "offered no documentary support that the 2003 guilty plea and the current guilty plea stem from the same conduct" and boldly state that our assertion is incorrect. *Gov't letter at page 3*. The reason that this is so troubling is that government counsel has in its possession the very information and documentary evidence which will dispositively prove that the underlying unlawful activity was the collection of money from Stanley – this documentary evidence is contained in the grand jury minutes from the two prosecutions.

We respectfully submit that the government should not be permitted to shield the defense and the Court from the truth concerning the criminal conduct which formed the basis of both guilty pleas and should therefore be ordered to provide the Court and the defense with a copy of those grand jury minutes which are relevant to this inquiry. Was

2

FISCHETTI
& MALGIERI LLP
Attorneys at Law

the underlying conduct in the 2003 guilty plea the collection of monies from Stanley – we submit and maintain that it is the same and the government has not stated otherwise.

That Mr. Badalamenti did not name Stanley in his 2003 allocution is of no moment – it was not an element of the offense, not required by the statute, and quite frankly, at the time of his 2003 guilty plea, Mr. Badalamenti was unaware that the government would regurgitate this same conduct in a subsequent indictment. Thus, we respectfully request that this Court order the government to answer the simple question, "was the 2003 extortionate collection from a man named Stanley?" The government should answer this simple question rather than claim that we have not proven it to be true. The grand jury minutes and the FBI reports from that matter would reveal that the government's claim that the conduct is not the same is simply false and misleading.

We submit that were the parties and the Court to be provided with a copy of the relevant portions of the grand jury minutes from the 2003 proceeding and the instant matter, it would prove by documentary evidence that our claims are accurate.

Disclosure of grand jury material may be authorized "when so directed by a court preliminarily to or in connection with a judicial proceeding."[1] Generally, a party seeking disclosure of grand jury minutes must "show a particularized need that outweighs the government's strong interest in secrecy." [2] However, the Supreme Court has held that "the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification."[3] Indeed, when a grand jury investigation has terminated, "most of the policies underlying the need for secrecy are no longer present"[4] and the party seeking disclosure need only show "some necessity."[5]

In the instant matter, the grand jury minutes are necessary to determine a central issue with regard to Mr. Badalamenti's sentencing: whether or not he will be sentenced on July 25, 2012 to conduct that is the same conduct for which he was sentenced and served twelve (12) months in prison in 2003.

Our request is for very discrete testimony from the grand jury material, narrowly tailored to the purpose of our sentencing memorandum which is to show that the conduct underlying the 2003 plea and that conduct underlying the 2012 plea are the same.

In sum, the government should not be permitted to put the proverbial horse before the cart. They claim we have not offered documentary evidence to prove that the underlying conduct was the same, but do not claim that they have reviewed the relevant

---

[1] Fed.R.Crim.Proc. 6(e)(3)(C)(i)
[2] *United States v. Brown,* 95 CR. 168 (AGS), 1995 WL 387698 (S.D.N.Y. June 30, 1995) *(citing United States v. Moten,* 582 F.2d 654, 662 (2d Cir.))
[3] *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 223 (1979)
[4] *Moten,* 582 F.2d at 663.
[5] *United States v. Sobotka,* 623 F.2d 764, 767 (2d Cir. 1980).

3

FISCHETTI
& MALGIERI LLP
Attorneys at Law

case materials and grand jury minutes to determine this issue. Rather, the government tries to draw distinctions between the two plea allocutions without referencing the grand jury minutes which formed the basis for both indictments. Due Process, fundamental fairness and justice compel a further inquiry into this issue, an issue which can easily be dispensed with following a review of the relevant grand jury materials.

Respectfully Submitted,

Ronald P. Fischetti