# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:JD
F.#2011R02050

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 18, 2012

By Hand Delivery and ECF

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Vincent Badalamenti
           Criminal Docket No. 12-050 (S-2)(CBA)

Dear Chief Judge Amon:

      The defendant is scheduled to be sentenced on July 25, 2012. By letter dated July 11, 2012, the defendant argues that any sentence of incarceration is improper in this case, on the claimed basis that the instant offense is based on "the exact same conduct" involved in his prior conviction in this District. (Def. Mem. at 1). The government submits this letter in response to the defendant's requests.

I.   Background

    A.   Summary of Charges

      As set forth in the Pre-Sentence Investigation Report ("PSR") and detailed in prior submissions, defendant Vincent Badalamenti stands before the Court having pled guilty to Collection of Unlawful Debt Conspiracy, in violation of 18 U.S.C. § 1962(d). By way of background, between January 1, 1999 and September 7, 2011, the defendant, an inducted member, captain and administration member of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family"), see PSR p. 6, conspired with other members and associates of the Bonanno family, to participate in the collection of unlawful debts on behalf of and in furtherance of his membership in the Bonanno family. See PSR pp. 6-8. The defendant's rank in the Bonanno family enabled him and his co-conspirators to collect these debts.

B.    <u>The Defendant's Membership in the Bonanno Family</u>

Badalamenti is an inducted member of the Bonanno family, who has held, at various times, the position of associate, soldier, acting captain, captain and administration member.  The defendant's position has been confirmed by cooperating witnesses and is evidenced by his role as a mediator between various members of the Bonanno family to resolve a dispute regarding collecting unlawful debts.

The defendant's association with the Bonanno family is confirmed by evidence in the instant case.  Moreover, the defendant's conduct confirms his rank in the Bonanno family.  As detailed in the PSR, the defendant used subordinates to collect debts, which demonstrates his rank and power within the criminal enterprise.

C.    <u>The Defendant's Guilty Plea</u>

On April 9, 2012, the defendant pleaded guilty before the Court to Count Three of the second Superseding Indictment pursuant to a plea agreement.  In the plea agreement, the government estimated that the applicable advisory Guidelines range was 21 to 27 months, based on an adjusted offense level of 15 and an estimated criminal history category of II.  This estimate was premised on a one level reduction for a "global adjustment" under § 5K2.0 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), provided that timely guilty pleas were accepted by the Court from all six defendants then charged in the case.  (PSR ¶ 3).

D.    <u>The Pre-Sentence Report</u>

On June 22, 2012, Probation estimated a Guidelines range of 21 to 27 months of incarceration, based on an adjusted offense level of 16 with a criminal history category of I.  (PSR ¶ 76).  The discrepancy between the Guidelines calculation in the plea agreement and the PSR is based on the following.  First, Probation calculated the defendant's criminal history as category I, a calculation which the government does not oppose.  Thus, the applicable advisory Guidelines range is 21-27 months, based upon and adjusted offense level of 16 with a criminal history category of I.  (PSR ¶ 76).  Probation found, and the government does not contest, that the defendant's prior conviction in 2002 is assigned no criminal history points, pursuant to the provisions of § 1B1.3(a) of the Guidelines.  In addition, as there was not a "global plea" in the case, the government opposes a one level adjustment under § 5K2.0 of the Guidelines.

II.  <u>Argument</u>

    A.  <u>Legal Standard</u>

      "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007) (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [the court] may not presume that the Guidelines range is reasonable. (The court] must make an individualized assessment based on the facts presented."  <u>Id</u>. at 49 (citation and footnote omitted).

    B.  The Defendant Should Not Receive Credit for
       <u>Time Already Served</u>

       1.  <u>Defendant's 2003 Conviction</u>

      In 2003, the defendant pleaded guilty to extortionate collection of credit, in violation of 18 U.S.C. § 894, before Judge Garaufis.  He received a bottom of the Guidelines sentence of 15 months' custody, 3 years of supervised release, a $100 special assessment, and a $5,000 fine. The defendant claims that the Court should grant credit for the time he served related to his 2003 guilty plea, based on the conclusory, and incorrect, assertion that the 2003 guilty plea and the current guilty plea stem from the same conduct.

      The defendant has offered no documentary support that the 2003 guilty plea and the current guilty plea stem from the same conduct.  The defendant concedes that he has no viable double jeopardy or statute of limitations claims related to the two pleas. (Def. Mem. at 3).  In fact, the PSRs from the two guilty pleas, the plea minutes, and the defendant's own allocutions all demonstrate that the crime to which the defendant pleaded guilty in 2003 is a different crime than that to which the defendant pleaded guilty in 2012.

      First, the elements of the crimes to which the defendant pleaded guilty in 2003 and 2012 are different. The plea transcripts, attached to the defendant's July 11, 2012 submission, illustrate the differences between the two crimes.

4

At the defendant's 2003 plea hearing, the defendant stated the following:

> THE DEFENDANT: Between February of 2002 and August of 2002, I along with others conspired to collect a debt through extortionate means, in Staten Island.

Def. Ex. "A" at 17.

Notably, the defendant admitted to extortionate collection of credit within a finite time, and without specifying the type of debt that was collected.

At the defendant's 2012 plea hearing, the defendant admitted the following:

> THE DEFENDANT: From between February 2002 and August 2002, I agreed with others, being a person associated with the group of individuals, or enterprise, which engaged in and the activity of which affected interstate commerce, did knowingly and intentionally agree to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through the collection of a debt which I believed to have been a gambling debt from an individual in Staten Island, which is in the Eastern District of New York. That violated Federal and New York State law.

Def. Ex. "B" at 28.

Furthermore, during his allocution in 2012, the defendant agreed to the following:

> THE COURT: Did you know that the activities of this enterprise and the collection of debts was ongoing, past the time of 2002?

> THE DEFENDANT: Yes, Your Honor.

> THE COURT: Did you understand that the activities of the enterprise, including collecting debts, were going on at least up until about September of 2011?

5

    THE DEFENDANT: Yes, Your Honor.

Def. Ex. "B" at 30.

    As the defendant's 2012 plea allocution demonstrates, the defendant admitted to the collection of gambling debts which were themselves unlawful, and admitted that his conduct was associated with the charged enterprise.  The defendant also admitted to participating in this conspiracy for a broad time period, from 2002 into 2011.  The 2012 guilty plea was more expansive in time and scope than the defendant's own extortionate conduct to which he pleaded guilty in 2003.  Thus, the nature of the offenses, supported by statements made at the two plea hearings, demonstrate that the defendant was not charged with "the exact same" criminal conduct.  Because the two crimes to which the defendant plead guilty in 2003 and 2012 are two separate crimes and of a different nature, the defendant will not be serving two sentences for the same conduct, and should not receive credit for time served.

   C. The 3553(a) Factors Indicate That a Guidelines
     <u>Sentence Is Appropriate In This Case</u>

    The factors outlined in 18 U.S.C. § 3553(a) show that a Guidelines sentence is appropriate in this case.

    1. <u>History and Circumstances of the Offense</u>

    As detailed above and in the PSR, the defendant was an associate, soldier, captain and senior administration member of the Bonanno family for many years and was personally engaged in conduct to facilitate the collection of unlawful debts on behalf of the Bonanno family.  Based on evidence of that conduct, he pled guilty to the crime of conspiracy to collect unlawful debt.

    Given the nature of the underlying offense and the defendant's participation in the offense on behalf of a criminal enterprise, the history and characteristics of the offense weigh in favor of a sentence within the advisory guideline range for the purposes of punishment and promoting general and specific deterrence.  <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B).

2.  <u>History and Characteristics of the Defendant</u>

As noted above, the defendant has a long history of
membership in the Bonanno family, including leadership positions
in that international criminal enterprise.  In addition, the
defendant has a prior conviction for extortion and was sanctioned
in 2007 with 90 days' electronic monitoring while serving term of
supervised release.  (PSR ¶ 47).  Thus, his history and
characteristics do not warrant a sentence below the advisory
Guidelines range.  For these reasons, the defendant's history and
personal characteristics militate in favor of a sentence of
incarceration.  18 U.S.C. § 3553(a)(1).

3.  <u>The Need for the Sentence Imposed</u>

The defendant's request for a non-jail sentence should
be denied.  The defendant's history of involvement in criminal
activity as an associate and member of the Bonanno family, a
powerful organized criminal group, warrant a sentence of
incarceration in this case that will appropriately "reflect the
seriousness of the offense, promote respect for the law, and
provide just punishment for the offense."  18 U.S.C.
§ 3553(a)(2)(A).  Indeed, an effective sentence of no or minimal
incarceration on a conspiracy charge for a member of the Bonanno
family engaged in collecting unlawful debts could well promote
disrespect for the law.  <u>See</u>, <u>e.g.</u>, <u>United States v. Cutler</u>, 520
F.3d 136, 154 (2d Cir. 2008) (concluding that the district court
made errors in certain "Guidelines applications and in its
departure decisions; that the sentences imposed did not properly
interpret certain of the sentencing factors that the court was
required to consider under 18 U.S.C. § 3553(a), such as just
'punishment' and deterrence of others; and that some of the
court's rationales would promote disrespect for the law").

7

III. __Conclusion__

      For the foregoing reasons, the Court should impose a sentence within the applicable Guidelines range of 21 to 27 months' incarceration.

                          Respectfully submitted,

                          LORETTA E. LYNCH
                          United States Attorney

                  By:   /s/_____
                        Jack Dennehy
                        Assistant U.S. Attorney
                        (718) 254-6133

cc:  Clerk of the Court (CBA)
     Ronald P. Fischetti, Esq. (By ECF)