# Exhibit B

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

UNITED STATES OF AMERICA,         : 12-CR-00050(CBA)
                                  :
                                  :
                                  :
        -against-                 : United States Courthouse
                                  : Brooklyn, New York
                                  :
                                  :
                                  : Monday, April 9, 2012
VINCENT BADALAMENTI,              : 4:30 p.m.
                                  :
        Defendant.                :

- - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE CAROL B. AMON
UNITED STATES CHIEF DISTRICT JUDGE


A P P E A R A N C E S:

For the Government: LORETTA E. LYNCH, ESQ.
                    United States Attorney
                    Eastern District of New York
                    271 Cadman Plaza East
                    Brooklyn, New York 11201
                BY: JACK DENNEHY, ESQ.
                    M. KRISTIN MACE, ESQ.
                    Assistant United States Attorney

 For the Defendant:   RONALD P. FISCHETTI
                      747 Third Avenue
                      20th Floor
                      New York, New York 10022
                  BY: RONALD P. FISCHETTI, ESQ.
                      PHYLLIS MALGIERI, ESQ.

Court Reporter:  Victoria A. Torres Butler, CRR
                 Official Court Reporter
                 Tele: (718) 613-2607
                 E-mail:  VButlerRPR@aol.com
Proceedings recorded by computerized stenography.  Transcript
produced by Computer-aided Transcription.

*Proceedings*                                                    2

1          (In open court.)

2          (Judge CAROL B. AMON enters the courtroom at

3   4:51 p.m.)

4          THE COURTROOM DEPUTY:  All rise.

5          United States against Badalamenti.  Please, state

6   your appearances for the record, and you will remain at the

7   table.

8          MR. FISCHETTI:  At the table?

9          THE COURTROOM DEPUTY:  Correct, Judge?

10          THE COURT:  Yes.

11          MR. DENNEHY:  For the Government, Jack Dennehy and

12   Kristin Mace.

13          Good afternoon, Your Honor.

14          MS. MACE:  Good afternoon.

15          THE COURT:  Good afternoon.

16          MR. FISCHETTI:  For the defense, Ronald Fischetti,

17   and Phyllis Malgieri.

18          THE COURT:  Good afternoon.

19          MS. MALGIERI:  Good afternoon, Your Honor.

20          (Defendant enters the courtroom.)

21          THE COURTROOM DEPUTY:  The Judge is waiting for the

22   plea agreement, which we're told hasn't been signed.

23          MR. FISCHETTI:  I'm sorry, I apologize.

24          (Pause in the proceedings.)

25          THE COURT:  All right, Mr. Fischetti, do you have an

*Proceedings*                                              3

1   application for the Court?

2         MR. FISCHETTI:  I do, Your Honor.

3         Mr. Badalamenti withdraws his previously entered

4   plea of not guilty and offers to plead to Count 3 of

5   indictment number 12-050, which is the collection of unlawful

6   debt conspiracy.

7         THE COURT:  And this is the second superseding

8   indictment.

9         MR. FISCHETTI:  That's correct.

10        THE COURT:  S-2.

11        MR. FISCHETTI:  That's correct.

12        THE COURT:  All right.

13        Mr. Badalamenti, your Counsel tells me that you wish

14  to enter a guilty plea to Count 3 of the outstanding

15  indictment.

16        And I take it that that is, Mr. Fischetti, pursuant

17  to a plea agreement, which has been marked Government's

18  Exhibit 5.

19        MR. FISCHETTI:  That's correct, Your Honor.

20        THE COURT:  All right.

21        Mr. Badalamenti, this is a very serious decision.  I

22  have to make sure that you understand all of your rights and

23  the consequences of your plea.  That means that I have to ask

24  you a whole series of questions and I do require that your

25  answers to my questions be made under oath, so my

*Proceedings*                                    4

1    Courtroom Deputy will administer an oath.

2             If you would stand, please.

3             COURTROOM DEPUTY:  Please, raise your right hand.

4    V I N C E N T     B A D A L A M E N T I,

5             called by The Court, having been

6             first duly sworn, was examined and testified

7             as follows:

8

9             THE COURT:  Having been sworn to tell the truth, you

10   have to do that.  If you were to lie on purpose in response to

11   any question that I ask, you could face a further criminal

12   charge for perjury or making a false statement.

13            Do you understand that?

14            THE DEFENDANT:  Yes, Your Honor.

15            THE COURT:  If there is anything at all that I say

16   that you don't understand, just tell me that you don't

17   understand it and I'll stop and try and explain it more

18   clearly, okay?

19            THE DEFENDANT:  Okay, Your Honor.

20            THE COURT:  All right.

21            How old are you?

22            THE DEFENDANT:  I'm 53.

23            THE COURT:  How far in school did you go?

24            THE DEFENDANT:  High school.

25            THE COURT:  Are you presently or have you recently

*Proceedings*                                                    5

1   been under the care of a doctor, including a psychiatrist, for

2   any reason?

3              THE DEFENDANT:  No.

4              THE COURT:  In the past 24 hours, have you had

5   pills, drugs, medicine or alcohol of any kind?

6              THE DEFENDANT:  No, Your Honor.

7              THE COURT:  Is your mind clear as you sit there

8   today?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Counsel, have you discussed the subject

11  of a guilty plea with your client?

12             MR. FISCHETTI:  I have, Your Honor.

13             THE COURT:  In your view, does he understand all of

14  the rights he is waiving by pleading guilty?

15             MR. FISCHETTI:  He does, Your Honor.

16             THE COURT:  Do you have any question about his

17  competency to proceed?

18             MR. FISCHETTI:  I do not.

19             THE COURT:  Mr. Badalamenti, have you had enough

20  time to discuss with your attorney the decision to enter a

21  guilty plea in this case?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Are you satisfied to have him represent

24  you?

25             THE DEFENDANT:  Yes, Your Honor.

*Proceedings*                                                                      6

1          THE COURT:  All right.

2          Now, let me ask you next; have you read over the

3    superseding indictment, S-2?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  In particular, have you read the

6    introduction which talks about an enterprise and then the

7    means; methods and means of the enterprise?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  You've read all of that?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Okay.  Now, specifically, have you also

12   read Count 3?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Now, has your attorney explained to you

15   what it is that the Government would have to prove -- and

16   that's by proof beyond a reasonable doubt -- to support this

17   charge?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Do you believe you understand it?

20         THE DEFENDANT:  I understand it.

21         THE COURT:  All right, then I'm just going to review

22   the charge in summary fashion.

23         First of all, at Count 3 it says:

24         *The allegations contained in paragraph 1 through 15*

25   *are realleged and incorporated.*

*Proceedings*                                              7

1          And 1 through 15 are the introduction, which talks
2     about the enterprise.  It identifies the enterprise as the
3     member and associates of the Bonanno organized crime family of
4     La Cosa Nostra.  That's what they describe as the enterprise,
5     so the enterprise is identified there.
6          And then the count itself says that:
7          *On or about and between January 1st of 1999, and*
8     *September 7th of 2011, both dates being approximate and*
9     *inclusive, within the Eastern District of New York and*
10    *elsewhere, the defendants* -- and it first identifies you,
11    *Vincent Badalamenti* -- and then it names two other
12    defendants -- *Vito Balsamo and Anthony Calabrese, together*
13    *with others, being persons employed by and associated with the*
14    *Bonanno crime family, an enterprise that engaged in and the*
15    *activities of which affected interstate and foreign commerce,*
16    *did knowingly and intentionally conspire.*
17         Now, for someone to conspire that means they have to
18    form an agreement with at least one other person, and the
19    conspiracy is alleged to be:
20         *To conduct and participate, directly and indirectly,*
21    *in the conduct of the affairs of that enterprise through the*
22    *collection of an unlawful debt.*
23         Unlawful debt is defined as:
24         *Debts that were unenforceable under New York State*
25    *law, and debts that were incurred in gambling activity in*

Victoria A. Torres Butler, CRR
Official Court Reporter

*Proceedings* 8

1   *violation of Federal law, and were incurred in connection with*

2   *the business of gambling, in violation of Federal law and*

3   *New York State law.*

4              So, the Government would have to offer evidence that

5   established each and every element of Count 3 and, again, it

6   would have to be proof beyond a reasonable doubt.  So, they

7   would have to, first of all, establish that this enterprise

8   existed and the one they've identified, the Bonanno Crime

9   Family;

10             They'd have to establish that you and others were

11  employed by and associated with that enterprise;

12             That you agreed to conduct the affairs of that

13  enterprise through this collection of the unlawful debt.

14             And they'd have to prove that the debt involved,

15  that was conspired, that was the object of the conspiracy, was

16  one that was either unenforceable under New York State law or

17  were incurred in gambling activity in violation of Federal

18  law.

19             And again, as I pointed out earlier, a conspiracy

20  can't be done by one person.  They would have to prove that

21  you formed an agreement with at least one other person to do

22  all of that.

23             Do you believe you understand the charge?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  All right, what I want to review with

*Proceedings*                                                    9

1   you now are the rights that you have.  These are going to be

2   rights you give up if you decide to plead guilty.

3          First of all, you have a right to persist in your

4   original plea of not guilty.

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  If you plead not guilty to the charges,

8   you would have a right under the Constitution and laws of the

9   United States to a speedy and public trial before a jury with

10  the assistance of your attorney.

11         Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  At any trial, you would be presumed

14  innocent.  You don't have to prove you're innocent.  Under our

15  system of law, it is the Government that has the burden of

16  proof and that is proof beyond a reasonable doubt that you're

17  guilty of the crime that's charged.

18         If the Government failed to meet that burden of

19  proof, the jury would have the duty to find you not guilty.

20         Do you understand?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Now, in the course of a trial, witnesses

23  for the Government would have to come here to court and they'd

24  have to testify in your presence.  Your lawyer would have the

25  right to cross-examine these witnesses.  He could raise legal

*Proceedings*                                                    10

1  objections to evidence the Government sought to offer against

2  you.  He could offer evidence in your behalf.

3          Do you understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  In terms of offering evidence in your

6  behalf, he would also have the power to subpoena witnesses to

7  come to court and testify.

8          Do you understand that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Now, at trial, you would have the right

11 to testify in your own behalf, if you wanted to.

12         On the other hand, you cannot be forced to be a

13 witness at your trial.  Under the Constitution and laws of the

14 United States no person can be made to be a witness against

15 himself.  So, if you wanted to go to trial, but you decided

16 not to testify, I would tell the jury they could not hold that

17 against you.

18         Do you understand?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Now, if instead of going to trial you

21 plead guilty to the crime charged, and if I accept your guilty

22 plea, you will be giving up your right to a trial and all the

23 other rights I've just discussed.  There will be no trial in

24 this case and no right to an appeal on the question of whether

25 you did or did not commit the crime.  I'll simply enter a

*Proceedings*                                                    11

1   judgment of guilty based upon your plea.

2           Do you understand?

3           THE DEFENDANT:  Yes.

4           THE COURT:  If you do plead guilty, I'm going to

5   have to ask you questions about what you did and that is to

6   satisfy myself that you are guilty of the charge.  You are

7   going to have to answer my questions and admit your guilt.

8   That means you would be giving up your right not to

9   incriminate yourself.

10          Do you understand?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Are you willing to give up your right to

13  a trial and all of the other rights I've just discussed?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.

16          Now, I've been told that the plea is pursuant to an

17  agreement, which has been marked Government's Exhibit 5.

18          Mr. Dennehy, do you represent on behalf of the

19  United States Attorney's Office that the document placed

20  before the Court contains the entirety of any understanding

21  that your office has reached with this defendant?

22          MR. DENNEHY:  Your Honor, I do, save for one

23  provision which I will put on the record now.

24          The Count to which Mr. Badalamenti may plead guilty

25  carries a maximum term of supervised release of three years.

*Proceedings*                                                    12

1   Mr. Fischetti has indicated to me that at the time of

2   sentencing he may consider asking Your Honor to impose a term

3   of supervised release of one year.  I am not sure that he

4   intends to follow through with that, but I have advised him

5   that in the event he did that, I would recommend that one

6   year.

7           I also advised Mr. Fischetti to inform his client

8   that that recommendation by me is not binding on the Court;

9   that the decision to impose a sentence, including a term of

10  supervised release, is exclusively within the decision-making

11  of Your Honor, and that it would be Your Honor who imposes the

12  term of supervised release.

13          THE COURT:  Anything else?

14          MR. DENNEHY:  No, Your Honor.

15          THE COURT:  With that one addition, Mr. Fischetti,

16  does the document otherwise contain the entirety of the

17  understanding that the Government has reached with your

18  client?

19          MR. FISCHETTI:  Yes, it does, Your Honor.

20          THE COURT:  All right.

21          Mr. Badalamenti, did you read this plea agreement?

22          THE DEFENDANT:  Yes, I did, Your Honor.

23          THE COURT:  Did you discuss it with Mr. Fischetti?

24          THE DEFENDANT:  Yes, I did.

25          THE COURT:  Is there anything in this plea agreement

*Proceedings*                                                    13

1   that is not clear that you need explained in any further

2   detail now?

3            THE DEFENDANT:  No, Your Honor.

4            THE COURT:  Now, the Government has indicated to the

5   Court here, this afternoon, that there is one other agreement

6   that they've reached that is not contained within the four

7   corners of this document, that they've made you one other

8   promise; and that is, that if your Counsel argues to the Court

9   at the time of sentencing that your supervised release term

10  should be only a year, as opposed to the maximum three years

11  that I can give under the law, that they won't oppose that

12  recommendation.

13           Did you understand that they've made that additional

14  promise to you?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  All right.

17           MR. FISCHETTI:  Your Honor, I apologize.

18           THE COURT:  Did I misstate something?

19           MR. FISCHETTI:  I think so, Your Honor.

20           THE COURT:  Oh?

21           MR. FISCHETTI:  I think there is a slight difference

22  between not opposing my application than recommending the one

23  year.

24           THE COURT:  Oh, I didn't understand him to say he

25  recommended it.

*Proceedings*                                                    14

1          MR. FISCHETTI:  I think so, ma'am.

2          MR. DENNEHY:  Mr. Fischetti and I have been battling

3    over that word.

4          But to the extent I would say I recommend it, it's

5    still, in my opinion, up to Your Honor what to impose in this

6    case based upon the Pre-Sentence Report when it gets written

7    by Probation.

8          THE COURT:  Did you tell me the first time around

9    that you were recommending it?

10         MR. DENNEHY:  I did.  I did.

11         THE COURT:  I'm sorry then, I misspoke.

12         MR. FISCHETTI:  Other than that, Your Honor, we

13   certainly know that it's certainly up to Your Honor's

14   discretion and this promise in no way binds the Court.

15         THE COURT:  All right.  So, I understand that both

16   the Government and your Counsel will be recommending it, which

17   is a little stronger than not opposing it.

18         Do you understand that?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  And again, I think as you understand it,

21   any recommendation does not bind the Court.

22         Do you understand that?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  Other than that one addition about that

25   recommendation for the one-year term of supervised release, do

*Proceedings*                                                   15

1   you believe that the Government has made any other promise to

2   you that has caused you to plead guilty?

3           THE DEFENDANT:  No, Your Honor.

4           (Pause in the proceedings.)

5           THE COURT:  There are a couple of provisions of the

6   plea agreement that I want to bring specifically to your

7   attention.

8           The first is at paragraph four which says:

9           *The defendant agrees not to file an appeal or*

10  *otherwise challenge by petition, pursuant to 28 U.S.C.*

11  *Section 2255, or any other provision, the conviction or*

12  *sentence in the event that the Court imposes a term of*

13  *imprisonment of 30 months or below.*

14          Now, let me just explain what I think that provision

15  means and either side, please, correct me if you understand it

16  differently.

17          Let's assume that you had no plea agreement with the

18  Government and you just decided that you were going to come in

19  and plead guilty to all the charges in the indictment.  Under

20  that circumstance, if you plead guilty, you no longer have the

21  right to say, oh, I didn't do the crime.  You couldn't appeal

22  that issue to a higher court, whether you did the crime, but

23  you would be able to appeal the Court's sentence.  So, if you

24  thought that I made some mistake in imposing sentence, you

25  could appeal that to a higher court.  So, pleading guilty

*Proceedings*                                                            16

1   doesn't automatically mean that you can't appeal your

2   sentence.

3           But you've made an agreement here with the

4   Government in which you have agreed that you will not appeal

5   your sentence under a specific circumstance; and that is, that

6   if I give you a sentence of 30 months or something less than

7   30 months, you are agreeing, pursuant to the terms of this

8   agreement, that you will not appeal your sentence.  So, you're

9   giving up another right that you would otherwise have to

10  appeal your sentence.

11          Do you understand that you agreed to that?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Also, under this provision, you've

14  agreed that you won't come back at some later point in time

15  and file a habeas corpus petition challenging your sentence.

16          Do you understand that you've also given up that

17  right?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Now, I think there is an agreement here

20  with regard to the forfeiture allegation as well?

21          MR. DENNEHY:  Yes, Your Honor.

22          THE COURT:  Now, you would, in addition to having

23  the jury determine your guilt or innocence, you would also

24  have a right to have a jury determine whether property should

25  be forfeited.  There is a forfeiture allegation in your

*Proceedings*                                                17

1    indictment.  So, you would have the right to have the jury

2    make that determination.

3              Do you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  And I believe the forfeiture allegation

6    that applies to Counts 1 through 3 is in paragraph 84 and 85;

7    is that correct?

8              MR. DENNEHY:  I believe, Your Honor, it's in

9    paragraphs 79 and 80, as relates to Count 3 of superseding

10   indictment 2.

11             THE COURT:  Well, I was given superseding

12   indictment 2 and paragraphs 79 and 80 are Hobbs Act extortion

13   counts.

14             MR. FISCHETTI:  I think it is 84 and 85, Your Honor.

15             May I show Mr. Dennehy?

16             THE COURT:  Yes.

17             MR. DENNEHY:  Yes, paragraph 84, Your Honor, I

18   apologize.

19             THE COURT:  Okay.

20             Now, as I understand it, according to the terms of

21   the plea agreement, that the Government is accepting a payment

22   of $5,000; is that right --

23             MR. DENNEHY:  That is correct, Your Honor.

24             THE COURT:  -- on that forfeiture agreement?

25             And the defendant is agreeing to pay that amount; is

*Proceedings*                                                                18

1    that correct?

2              MR. FISCHETTI:  Yes, Your Honor.  We have the check

3    here.

4              THE COURT:  Okay.

5              So, Mr. Badalamenti, that's another agreement that I

6    understand the Government has reached.  They have a broad

7    forfeiture allegation here, but they're agreeing that if you

8    give them a check of $5,000, that will satisfy all the

9    forfeiture allegations in the indictment, and you've agreed to

10   pay that.

11             Do you understand that provision as well?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Well, the agreement also purports to be

14   conditioned, in paragraph 14, on all of the other defendants

15   in this case also entering pleas.

16             The date must be wrong in here.

17             MR. DENNEHY:  Does Your Honor's copy say April 10?

18             THE COURT:  No, it says April 4th.

19             MR. DENNEHY:  Can we just initial that?  It's

20   April 10.

21             (Handing.)

22             MR. FISCHETTI:  I have April 10th on mine,

23   Your Honor.

24             THE COURT:  Well, I was given that one as the

25   original.  So, do you all want to look it over again?

*Proceedings*                                                           19

1          MR. FISCHETTI:  I will.  But I'm sure it is.

2          I will initial this and then I'll look at it, Judge.

3          (Pause in the proceedings.)

4          MR. DENNEHY:  For the record, Your Honor, in two

5     places we have changed the date of April 4th to April 10th;

6     that is, in paragraphs 2 and 14.  And that is the agreement

7     with the Government.

8          THE COURT:  Okay.

9          (Handing.)

10         THE COURT:  Mr. Fischetti.

11         MR. FISCHETTI:  Yes, Your Honor.

12         THE COURT:  Are you satisfied that what's been

13    marked as Government's Exhibit 5 is the agreement with those

14    changes?

15         MR. FISCHETTI:  Yes, Your Honor.

16         THE COURT:  All right.

17         MR. FISCHETTI:  That's correct.

18         THE COURT:  All right.

19         What I wanted to explain to you is this plea

20    agreement is contingent on other events happening, all right?

21         That includes that not only that you plead guilty

22    but that the defendants Balsamo, Calabrese, Graziano, Laforte,

23    and Santora, also enter guilty pleas before tomorrow,

24    April 10th.  So, this is a provision in paragraph 14 and this

25    is a provision in which the Government retains the right to

*Proceedings*                                                    20

1   back out of this agreement if everyone else doesn't plead

2   guilty.

3          Do you understand that?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  As I read the provision, you don't

6   retain the same ability to do that.

7          If the Government chooses not to back out of it --

8   even if the other people don't plead -- your plea stands, in

9   any event.  In other words, you don't have the opportunity to

10  withdraw if everyone else does not plead guilty, just the

11  Government has that opportunity.

12         Do you understand that?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  And so, you won't be able to withdraw

15  your guilty plea if everyone else doesn't plead guilty.

16         There's another provision here that I'll explain,

17  too.  It talks about something called a global disposition.

18  And I'll explain that in the context of going over the

19  penalties here.

20         The maximum penalty for this offense that you're

21  pleading guilty to is 20 years in prison.

22         Do you understand that?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  When the Court imposes a prison term, it

25  generally follows that prison term by a period of what is

*Proceedings*                                                    21

1   called supervised release.  In this case, the maximum period

2   of supervised release is three years.  Were I to give you

3   three years of supervised release and if you violated any of

4   the -- well.

5           If I give you as much as two years of supervised

6   release and you violate any of the terms and conditions, I

7   could send you back to prison for two full years without

8   giving you any credit for the time you had already spent.

9           Do you understand that?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Even were I to accept the

12  recommendation, and I have no idea whether I would or wouldn't

13  now, but even if I gave you a year and you were on supervised

14  release and you violated the terms of your release, I could

15  send you back to prison for a year without giving you credit

16  for the time you had spent on supervised release.

17          Do you understand that?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  All right.  Now, there are a whole

20  series of financial penalties.  The maximum fine is $250,000

21  or twice the gross profits of the enterprise.

22          And did you determine that figure, Mr. Dennehy,

23  between the last person who pled guilty and now?

24          MR. DENNEHY:  Your Honor, I did actually think about

25  it.  I know that Joe Massino forfeited a million dollars from

*Proceedings*                                                                    22

1   his crimes with the Bonanno family, and I know that

2   Vincent Basciano is claiming that he's got at least a million

3   dollars.

4         So, at least for now, we're up to $9 million, but I

5   have not reached a total figure of the gross profits of the

6   enterprise charged in the indictment.

7         THE COURT:  But this is in the context of a fine.

8         So, I could fine; the maximum fine is either

9   $250,000;

10        If the Government puts on proof about what the gross

11  profits of the enterprise, the enterprise being defined as the

12  Bonanno crime family, if they put on proof of what those

13  profits were, then the fine could be as high as twice the

14  amount of those profits.

15        Do you understand that?

16        THE DEFENDANT:  Yes, Your Honor.

17        THE COURT:  There is an in addition $100 special

18  assessment.  That hundred dollar special assessment is

19  mandatory.  I must impose that.

20        Do you understand that?

21        THE DEFENDANT:  Yes, Your Honor.

22        THE COURT:  And you have agreed, with the

23  Government, that there is a criminal forfeiture penalty here

24  and that that is $5,000.

25        THE DEFENDANT:  Yes, Your Honor.

*Proceedings*                                                     23

1          THE COURT:  You do understand that; correct?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Now, in sentencing, one of the important

4     factors that the Court has to take into account is the

5     sentencing guidelines.

6          Have you discussed the sentencing guidelines with

7     your Counsel and how they're calculated?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Now, in your agreement, your plea

10    agreement, the Government estimates that they believe your

11    guideline range would be 21 to 27 months in this case.

12    Assuming that you of a Criminal History Category of II, that

13    is what they believe your guideline range would be.

14          In calculating that range, they assume that they

15    will give you that global; that they will argue that you

16    should get credit for that global adjustment of one point;

17    meaning, if everybody pleads guilty, the Government will

18    recommend that one point off.

19          Do you understand that?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Now, if not everyone pleads guilty, I

22    understand the Government maintains the right not to move for

23    that point.

24          Is that correct, Mr. Dennehy?

25          MR. DENNEHY:  That's correct, Your Honor.

*Proceedings*                                               24

1    THE COURT:  All right, so this 21 to 27 months, it's

2    a prediction by the Government.

3    You can't rely on the fact that that will, in fact,

4    on the date of sentencing be your guideline range, and the

5    reason for that is that it's my responsibility to make those

6    calculations and I do not know enough about either the

7    background of this case or the circumstances of the offense,

8    or your own personal background to be able to tell you today

9    what my guideline calculation may be.

10    Do you understand that?

11    THE DEFENDANT:  Yes, Your Honor.

12    THE COURT:  And it's possible, for instance as well,

13    that I might not think that this global adjustment was

14    appropriate.  The fact that the Government has put this

15    forward as their estimate does not mean it's the Court's.

16    Do you understand that?

17    THE DEFENDANT:  Yes, Your Honor.

18    THE COURT:  Now, as I mentioned before, the

19    guideline range is a significant factor in sentencing, but the

20    Court is not bound follow the guideline range.  There are

21    other factors that the Court takes into account.

22    Some of those other factors that the Court considers

23    include the seriousness of the offense, the need to promote

24    respect for the law, to provide just punishment, I will

25    consider factors of deterrence to criminal conduct, and I also

*Proceedings*                                                      25

1   have to take into account your own background and again, the

2   circumstances of the offense.  Those are all matters that I

3   take into account in trying to determine what the appropriate

4   sentence is.

5           Do you understand that?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  In the Federal sentencing system, you

8   should understand that we don't have parole boards or parole

9   commissions like they do in State Court.  Practically, what

10  that means is, whatever sentence you do receive from the Court

11  will be pretty close to the actual amount of time you will

12  spend in prison.  You don't have an opportunity to appeal to a

13  parole board to get out early because there are no parole

14  boards.

15          Do you understand that?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Finally, if you enter a guilty plea

18  today, your guilty plea will stand.  You can't come back to

19  court at the time of sentence and tell me you have changed

20  your mind and tell me that you want to go to trial.  At that

21  point, it's too late.

22          Do you understand that?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Do you have any questions, then, that

25  you want to ask me about the charge, your rights, the plea

*Proceedings*                                          26

1   agreement or anything else related to this matter that might

2   not be clear?

3          THE DEFENDANT:  No, Your Honor.

4          THE COURT:  Counsel, do you want me to discuss

5   anything in further detail with your client?

6          MR. FISCHETTI:  Just one thing, Your Honor, which is

7   in the plea agreement, but I would like my client to hear it;

8   that at the time of sentencing, all the underlying charges in

9   the indictment will be dismissed.

10         THE COURT:  Okay.  Pursuant to the plea agreement.

11         MR. FISCHETTI:  Pursuant to the plea agreement.

12         THE COURT:  All right.

13         Do you understand that?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Is there anything else you want me to

16  raise with you your client?

17         MR. FISCHETTI:  Nothing, Your Honor.

18         THE COURT:  All right.

19         Do you know of any reason why he should not enter a

20  plea of guilty to Count 3?

21         MR. FISCHETTI:  I do not, Your Honor.

22         (Pause in the proceedings.)

23         THE COURT:  Are you ready to plead, Mr. Badalamenti?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  How do you plead to the charge in

*Proceedings*                                                    27

1   Count 3; guilty or not guilty?

2           THE DEFENDANT:  Guilty, Your Honor.

3           THE COURT:  Are you making this plea of guilty

4   voluntarily and of your own free will?

5           THE DEFENDANT:  Yes, Your Honor.

6           THE COURT:  Has anyone threatened, forced or

7   pressured you in any way to plead guilty?

8           THE DEFENDANT:  No, Your Honor.

9           THE COURT:  Other than the plea agreement with the

10  Government, and their additional promise about recommending a

11  one-year term of supervised release, other than that, has

12  anyone made you any promises that have caused you to plead

13  guilty?

14          THE DEFENDANT:  No, Your Honor.

15          THE COURT:  Has anyone promised you what sentence

16  you would receive?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  Okay.

19          I need, then, to hear from you in your open words

20  what it is you did in connection with the crime charged in

21  Count 3.

22          THE DEFENDANT:  From between February 2002 and

23  August 2002, I agreed with others, being a person associated

24  with the group of individuals --

25          THE COURT:  Could you slow down just a little bit.

*Proceedings*                                                  28

1          THE DEFENDANT:  What are you up to?

2          MR. FISCHETTI:  Start again.

3          THE DEFENDANT:  Start again.

4          From between February 2002 and August 2002, I agreed

5    with others, being a person associated with the group of

6    individuals, or enterprise, which engaged in and the activity

7    of which affected interstate commerce, did knowingly and

8    intentionally agree to conduct and participate, directly and

9    indirectly, in the conduct of the affairs of that enterprise

10   through the collection of a debt which I believed to have been

11   a gambling debt from an individual in Staten Island, which is

12   in the Eastern District of New York.  That violated Federal

13   and New York State law.

14         THE COURT:  What was your role in the collection of

15   this gambling debt, Mr. Badalamenti?

16         THE DEFENDANT:  I received money from an individual.

17         THE COURT:  Well, was that the debt?

18         In other words, someone collected the debt and you

19   got the money from the collection of the debt?

20         THE DEFENDANT:  I received the money from the

21   gambling debt.

22         THE COURT:  Okay.  So, someone else went out and

23   collected the debt and turned the money over to you.

24         THE DEFENDANT:  No, I got it from the individual.

25         THE COURT:  Oh.  You collected it yourself from the

*Proceedings*                                           29

1    individual.

2           THE DEFENDANT:  Yes.  Yes, Your Honor.

3           THE COURT:  Okay.  I'm sorry.

4           And you did that in or about August of 2002?

5           THE DEFENDANT:  Between February 2002 and

6    August 2002.

7           THE COURT:  Now, when you did that, at that point in

8    time, were you associated with the enterprise that's

9    identified in the indictment?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  All right.

12          So, you know what enterprise is identified in the

13   indictment.  You've read it; right?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  And that's the enterprise you were

16   associated with; right?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  And was this collection of the debt

19   pursuant, was it part of conducting the affairs of that

20   enterprise?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And were you involved with the

23   collection of this debt?  Were there other people that you

24   agreed with to collect this debt that were involved in the

25   collection of the debt?

*Proceedings*                                      30

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Did you know that the activities of this

3     enterprise and the collection of debts was ongoing, past the

4     time of 2002?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  At least, would you say at least as far

7     as --

8          What does the Government need here in order to make

9     sure of the statute; that there is no statute of limitations

10    problem?

11         MR. DENNEHY:  Your Honor, the Count charges up to

12    and including September 7th, 2011.

13         THE COURT:  Did you understand that the activities

14    of the enterprise, including collecting debts, were going on

15    at least up until about September of 2011?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  Does the Government believe that I need

18    to make any further inquiry?  Or that you need to supplement

19    the allocution with the interstate foreign commerce?

20         MR. DENNEHY:  Correct, Your Honor.

21         The Government proffers that at a trial it would be

22    able to establish beyond a reasonable doubt that the affairs

23    of the enterprise charged in the indictment, which the

24    defendant now admits is collecting that debt in furtherance

25    of -- in fact, affected interstate and foreign commerce.

*Proceedings*                                                     31

1          THE COURT:  Do you think any further questions need
2    to be put to Mr. Badalamenti to establish a factual basis for
3    the plea?

4          MR. DENNEHY:  No, Your Honor.

5          THE COURT:  How about you, Mr. Fischetti?  Do you
6    think I need to ask your client anything else to establish a
7    factual basis?

8          MR. FISCHETTI:  No, I don't, Your Honor.

9          THE COURT:  All right.

10         Based on the information given to me I find that the
11   defendant is acting voluntarily, that he fully understands the
12   charge, his rights, and the consequences of his plea, and
13   there is a factual bases for the plea.

14         So, I will, therefore, accept the plea of guilty to
15   Count 3.

16         I understand you were given a schedule.  The
17   Pre-Sentence Report will be available by June 27th.

18         Any objections or sentencing submission made on
19   behalf of the defendant, are due July 11th.

20         Response by the Government, July 18th.

21         Sentencing will be July 25th at 9:30.

22         Is there anything else we need to take up?

23         MR. FISCHETTI:  Two things, Your Honor.

24         One, I'd like to have the record reflect I'm turning
25   over a certified check in the amount of $5,000 in payment of

*Proceedings*                                                    32

1    the forfeiture.

2              (Handing.)

3              MR. FISCHETTI:  To Mr. Dennehy.

4              THE COURT:  Okay.

5              MR. DENNEHY:  The check's not made out to me.

6              MR. FISCHETTI:  It's not made out?

7              MR. DENNEHY:  It's made out to the Marshals Service.

8    You made it sound like the check was made out to me.

9              MR. FISCHETTI:  It's made out to the Marshals

10   Service, Your Honor.

11             THE COURT:  Okay.

12             MR. FISCHETTI:  Not to Mr. Dennehy.

13             Secondly, Your Honor, I'm going to be out of town

14   that week.  I spoke to Ms. Holley and she said we'd keep this

15   date.  I'd just like to alert Your Honor that, as we get close

16   to it, I will respectfully ask for an adjournment for a few

17   days for me, but we'll keep that date to get the Pre-Sentence

18   Report and everything else done.

19             THE COURT:  All right.

20             MR. FISCHETTI:  All right, thank you, Your Honor.

21             THE COURT:  Is there anything else?

22             MR. DENNEHY:  Your Honor, I'm also told that, given

23   the Court's schedule tomorrow, if in the event Mr. Santora

24   gets back to me about whether he wishes to plead, that we'll

25   see if Judge Bloom is available.

*Proceedings*                                          33

1          THE COURT:  Okay.

2          MR. FISCHETTI:  May I speak to Mr. Dennehy for a

3    moment?

4          (Pause in the proceedings.)

5          THE COURT:  Do you all need me or do you want to

6    chat amongst yourselves?

7          ALL:  We don't need you.

8          THE COURT:  Thank you.

9          (Defendant remanded.)

10

11          (WHEREUPON, the proceedings were adjourned to

12   July 25th, 2012, at 9:30 a.m.)

13

14                         *    *    *

15

16

17

18

19

20

21

22

23

24

25

## $

$100 [1] - 22:17
$250,000 [2] - 21:20, 22:9
$5,000 [4] - 17:22, 18:8, 22:24, 31:25

## 1

1 [3] - 6:24, 7:1, 17:6
10 [2] - 18:17, 18:20
10022 [1] - 1:21
10th [3] - 18:22, 19:5, 19:24
11201 [1] - 1:17
11th [1] - 31:19
12-050 [1] - 3:5
12-CR-00050(CBA [1] - 1:3
14 [3] - 18:14, 19:6, 19:24
15 [2] - 6:24, 7:1
18th [1] - 31:20
1999 [1] - 7:7
1st [1] - 7:7

## 2

2 [3] - 17:10, 17:12, 19:6
20 [1] - 20:21
2002 [8] - 27:22, 27:23, 28:4, 29:4, 29:5, 29:6, 30:4
2011 [3] - 7:8, 30:12, 30:15
2012 [2] - 1:7, 33:12
20th [1] - 31:11
21 [2] - 23:11, 24:1
2255 [1] - 15:11
24 [1] - 5:4
25th [2] - 31:21, 33:12
27 [2] - 23:11, 24:1
271 [1] - 1:16
27th [1] - 31:17
28 [1] - 15:10

## 3

3 [11] - 3:4, 3:14, 6:12, 6:23, 8:5, 17:6, 17:9, 26:20, 27:1, 27:21, 31:15
30 [3] - 15:13, 16:6, 16:7

## 4

4:30 [1] - 1:8
4:51 [1] - 2:3
4th [2] - 18:18, 19:5

## 5

5 [3] - 3:18, 11:17, 19:13
53 [1] - 4:22

## 6

613-2607 [1] - 1:24

## 7

718 [1] - 1:24
747 [1] - 1:20

79 [2] - 17:9, 17:12
7th [2] - 7:8, 30:12

## 8

80 [2] - 17:9, 17:12
84 [3] - 17:6, 17:14, 17:17
85 [2] - 17:6, 17:14

## 9

9 [2] - 1:7, 22:4
9:30 [2] - 31:21, 33:12

## A

a.m [1] - 33:12
ability [1] - 20:6
able [4] - 15:23, 20:14, 24:8, 30:22
accept [2] - 10:21, 21:11, 31:14
accepting [1] - 17:21
according [1] - 17:20
account [4] - 23:4, 24:21, 25:1, 25:3
Act [1] - 17:12
acting [1] - 31:11
activities [3] - 7:15, 30:2, 30:13
activity [3] - 7:25, 8:17, 28:6
actual [1] - 25:11
addition [4] - 12:15, 14:24, 16:22, 22:17
additional [2] - 13:13, 27:10
adjourned [1] - 33:11
adjournment [1] - 32:16
adjustment [2] - 23:16, 24:13
administer [1] - 4:1
admit [1] - 11:7
admits [1] - 30:24
advised [2] - 12:4, 12:7
affairs [5] - 7:21, 8:12, 28:9, 29:19, 30:22
affected [3] - 7:15, 28:7, 30:25
afternoon [6] - 2:13, 2:14, 2:15, 2:18, 2:19, 13:5
agree [1] - 28:8
agreed [9] - 8:12, 16:4, 16:11, 16:14, 18:9, 22:22, 27:23, 28:4, 29:24
agreeing [3] - 16:7, 17:25, 18:7
agreement [28] - 2:22, 3:17, 7:18, 8:21, 11:17, 12:21, 12:25, 13:5, 15:6, 15:17, 16:3, 16:8, 16:19, 17:21, 17:24, 18:5, 18:13, 19:6, 19:13, 19:20, 20:1, 23:9, 23:10, 26:1, 26:7, 26:10, 26:11, 27:9
agrees [1] - 15:9
aided [1] - 1:25
alcohol [1] - 5:5
alert [1] - 32:15
ALL [1] - 33:7
allegation [4] - 16:20, 16:25, 17:5, 18:7
allegations [2] - 6:24, 18:9
alleged [1] - 7:19
allocution [1] - 30:19
AMERICA [1] - 1:3
AMON [2] - 1:12, 2:2

amount [4] - 17:25, 22:14, 25:11, 31:25
answer [1] - 11:7
answers [1] - 3:25
Anthony [1] - 7:12
apologize [3] - 2:23, 13:17, 17:18
appeal [10] - 10:24, 15:9, 15:21, 15:23, 15:25, 16:1, 16:4, 16:8, 16:10, 25:12
appearances [1] - 2:6
application [2] - 3:1, 13:22
applies [1] - 17:6
appropriate [2] - 24:14, 25:3
approximate [1] - 7:8
April [8] - 1:7, 18:17, 18:18, 18:20, 18:22, 19:5, 19:24
argue [1] - 23:15
argues [1] - 13:8
assessment [1] - 22:18
assistance [1] - 9:10
Assistant [1] - 1:18
associated [6] - 7:13, 8:11, 27:23, 28:5, 29:8, 29:16
associates [1] - 7:3
assume [2] - 15:17, 23:14
assuming [1] - 23:12
attention [1] - 15:7
attorney [3] - 5:20, 6:14, 9:10
Attorney [1] - 1:15, 1:18
Attorney's [1] - 11:19
August [4] - 27:23, 28:4, 29:4, 29:6
automatically [1] - 16:1
available [2] - 31:17, 32:25
Avenue [1] - 1:20

## B

background [3] - 24:7, 24:8, 25:1
Badalamenti [12] - 2:5, 3:3, 3:13, 3:21, 5:19, 7:11, 11:24, 12:21, 18:5, 26:23, 28:15, 31:2
BADALAMENTI [1] - 1:8
Balsamo [2] - 7:12, 19:22
Basciano [1] - 22:2
based [3] - 11:1, 14:6, 31:10
bases [1] - 31:13
basis [2] - 31:2, 31:7
battling [1] - 14:2
BEFORE [1] - 1:12
behalf [5] - 10:2, 10:6, 10:11, 11:18, 31:19
below [1] - 15:13
between [6] - 7:7, 13:22, 21:23, 27:22, 28:4, 29:5
beyond [4] - 6:16, 8:6, 9:16, 30:22
bind [1] - 14:21
binding [1] - 12:8
binds [1] - 14:14
bit [1] - 27:25
Bloom [1] - 32:25
board [1] - 25:13
boards [2] - 25:8, 25:14
Bonanno [5] - 7:3, 7:14, 8:8, 22:1, 22:12

bound [1] - 24:20
bring [1] - 15:6
broad [1] - 18:6
Brooklyn [2] - 1:6, 1:17
burden [2] - 9:15, 9:18
business [1] - 8:2
Butler [1] - 1:23
BY [2] - 1:17, 1:21

## C

Cadman [1] - 1:16
Calabrese [2] - 7:12, 19:22
calculated [1] - 23:7
calculating [1] - 23:14
calculation [1] - 24:9
calculations [1] - 24:6
cannot [1] - 10:12
care [1] - 5:1
CAROL [2] - 1:12, 2:2
carries [1] - 11:25
case [7] - 5:21, 10:24, 14:6, 18:15, 21:1, 23:11, 24:7
Category [1] - 23:12
CAUSE [1] - 1:11
caused [2] - 15:2, 27:12
certainly [2] - 14:13
certified [1] - 31:25
challenge [1] - 15:10
challenging [1] - 16:15
changed [2] - 19:5, 25:19
changes [1] - 19:14
charge [8] - 4:12, 6:17, 6:22, 8:23, 11:6, 25:25, 26:25, 31:12
charged [5] - 9:17, 10:21, 22:6, 27:20, 30:23
charges [4] - 9:7, 15:19, 26:8, 30:11
chat [1] - 33:6
check [4] - 18:2, 18:8, 31:25, 32:8
check's [1] - 32:5
CHIEF [1] - 1:12
chooses [1] - 20:7
circumstance [2] - 15:20, 16:5
circumstances [2] - 24:7, 25:2
claiming [1] - 22:2
clear [3] - 5:7, 13:1, 26:2
clearly [1] - 4:18
client [7] - 5:11, 12:7, 12:18, 26:5, 26:7, 26:16, 31:6
close [2] - 25:11, 32:15
collect [1] - 29:24
collected [3] - 28:18, 28:23, 28:25
collecting [2] - 30:14, 30:24
collection [10] - 3:5, 7:22, 8:13, 28:10, 28:14, 28:19, 29:18, 29:23, 29:25, 30:3
commerce [4] - 7:15, 28:7, 30:19, 30:25
commissions [1] - 26:9
commit [1] - 10:25
competency [1] - 5:17
Computer [1] - 1:25

Computer-aided [1] - 1:25
computerized [1] - 1:25
conditioned [1] - 18:14
conditions [1] - 21:6
conduct [6] - 7:20, 7:21, 8:12, 24:25, 28:8, 28:9
conducting [1] - 29:19
connection [2] - 8:1, 27:20
consequences [2] - 3:23, 31:12
consider [2] - 12:2, 24:25
considers [1] - 24:22
conspiracy [4] - 3:6, 7:19, 8:15, 8:19
conspire [2] - 7:16, 7:17
conspired [1] - 8:15
Constitution [2] - 9:8, 10:13
contain [1] - 12:16
contained [2] - 6:24, 13:6
contains [1] - 11:20
context [2] - 20:18, 22:7
contingent [1] - 19:20
conviction [1] - 15:11
copy [1] - 18:17
corners [1] - 13:7
corpus [1] - 16:15
correct [13] - 2:9, 3:9, 3:11, 3:19, 15:15, 17:7, 17:23, 18:1, 19:17, 23:1, 23:24, 23:25, 30:20
Cosa [1] - 7:4
Counsel [6] - 3:13, 5:10, 13:8, 14:16, 23:7, 26:4
count [1] - 7:6
Count [12] - 3:4, 3:14, 6:12, 6:23, 8:5, 11:24, 17:9, 26:20, 27:1, 27:21, 30:11, 31:15
Counts [1] - 17:6
counts [1] - 17:13
couple [1] - 15:5
course [1] - 9:22
COURT [126] - 1:1, 2:10, 2:15, 2:18, 2:25, 3:7, 3:10, 3:12, 3:20, 4:9, 4:15, 4:20, 4:23, 4:25, 5:4, 5:7, 5:10, 5:13, 5:16, 5:19, 5:23, 6:1, 6:5, 6:9, 6:11, 6:14, 6:19, 6:21, 8:25, 9:7, 9:13, 9:22, 10:5, 10:10, 10:20, 11:4, 11:12, 11:15, 12:13, 12:15, 12:20, 12:23, 12:25, 13:4, 13:16, 13:18, 13:20, 13:24, 14:8, 14:11, 14:15, 14:20, 14:24, 15:5, 16:13, 16:19, 16:22, 17:5, 17:11, 17:16, 17:19, 17:24, 18:4, 18:13, 18:18, 18:24, 19:8, 19:10, 19:12, 19:16, 19:18, 20:5, 20:14, 20:24, 21:11, 21:19, 22:7, 22:17, 22:22, 23:1, 23:3, 23:9, 23:21, 24:1, 24:12, 24:18, 25:7, 25:17, 25:24, 26:4, 26:10, 26:12, 26:15, 26:18, 28:23, 26:25, 27:3, 27:6, 27:9, 27:15, 27:18, 27:25, 28:14, 28:17, 28:22, 28:25, 29:3, 29:7, 29:11, 29:15, 29:18, 29:22, 30:2, 30:6, 30:13, 30:17, 31:1, 31:5, 31:9, 32:4, 32:11, 32:19, 32:21, 33:1, 33:5, 33:8
Court's [3] - 15:23, 24:15, 32:23

Courthouse [1] - 1:5
courtroom [2] - 2:2, 2:20
Courtroom [1] - 4:1
COURTROOM [4] - 2:4, 2:9, 2:21, 4:3
credit [3] - 21:8, 21:15, 23:16
crime [9] - 7:3, 7:14, 9:17, 10:21, 10:25, 15:21, 15:22, 22:12, 27:20
Crime [1] - 8:8
crimes [1] - 22:1
CRIMINAL [1] - 1:11
Criminal [1] - 23:12
criminal [3] - 4:11, 22:23, 24:25
cross [1] - 9:25
cross-examine [1] - 9:25
CRR [1] - 1:23

## D

date [5] - 18:16, 19:5, 24:4, 32:15, 32:17
dates [1] - 7:8
days [1] - 32:17
debt [18] - 3:6, 7:22, 7:23, 8:13, 8:14, 28:10, 28:11, 28:15, 28:17, 28:18, 28:19, 28:21, 28:23, 29:18, 29:23, 29:24, 29:25, 30:24
debts [4] - 7:24, 7:25, 30:3, 30:14
decide [1] - 9:2
decided [2] - 10:15, 15:18
decision [4] - 3:21, 5:20, 12:9, 12:10
decision-making [1] - 12:10
defendant [7] - 1:9, 11:21, 15:9, 17:25, 30:24, 31:11, 31:19
DEFENDANT [75] - 4:14, 4:19, 4:22, 4:24, 5:3, 5:6, 5:9, 5:22, 5:25, 6:4, 6:8, 6:10, 6:13, 6:18, 6:20, 8:24, 9:6, 9:12, 9:21, 10:4, 10:9, 10:19, 11:3, 11:11, 11:14, 12:22, 12:24, 13:3, 13:15, 14:19, 14:23, 15:3, 16:12, 16:18, 17:4, 18:12, 20:4, 20:13, 20:23, 21:10, 21:18, 22:16, 22:21, 22:25, 23:2, 23:8, 23:20, 24:11, 24:17, 25:6, 25:16, 25:23, 26:3, 26:14, 26:24, 27:2, 27:5, 27:8, 27:14, 27:17, 27:22, 28:1, 28:3, 28:16, 28:20, 28:24, 29:2, 29:5, 29:10, 29:14, 29:17, 29:21, 30:1, 30:5, 30:16
Defendant [3] - 1:19, 2:20, 33:9
defendants [4] - 7:10, 7:12, 18:14, 19:22
defense [1] - 2:16
defined [2] - 7:23, 22:11
DENNEHY [21] - 1:17, 2:11, 11:22, 12:14, 14:2, 14:10, 16:21, 17:8, 17:17, 17:23, 18:17, 18:19, 19:4, 21:24, 23:25, 30:11, 30:20, 31:4, 32:5, 32:7, 32:22
Dennehy [8] - 2:11, 11:18, 17:15, 21:22, 23:24, 32:3, 32:12, 33:2
Deputy [1] - 4:1
DEPUTY [4] - 2:4, 2:9, 2:21, 4:3
describe [1] - 7:4
detail [2] - 13:2, 26:5

USA v Vincent Badalamenti

3

determination [1] - 17:2
determine [4] - 16:23, 16:24, 21:22, 25:3
deterrence [1] - 24:25
difference [1] - 13:21
differently [1] - 15:16
directly [2] - 7:20, 28:8
discretion [1] - 14:14
discuss [3] - 5:20, 12:23, 26:4
discussed [4] - 5:10, 10:23, 11:13, 23:6
dismissed [1] - 26:9
disposition [3] - 20:17
DISTRICT [3] - 1:1, 1:1, 1:12
District [3] - 1:16, 7:9, 28:12
doctor [1] - 5:1
document [3] - 11:19, 12:16, 13:7
dollar [1] - 22:18
dollars [2] - 21:25, 22:3
done [2] - 8:20, 32:18
doubt [4] - 6:16, 8:6, 9:16, 30:22
down [1] - 27:25
drugs [1] - 5:5
due [1] - 31:19
duly [1] - 4:6
duty [1] - 9:19

### E

E-mail [1] - 1:24
early [1] - 25:13
East [1] - 1:16
EASTERN [1] - 1:1
Eastern [3] - 1:16, 7:9, 28:12
either [4] - 8:16, 15:15, 22:8, 24:6
element [1] - 8:5
elsewhere [1] - 7:10
employed [2] - 7:13, 8:11
engaged [2] - 7:14, 28:6
enter [6] - 3:14, 5:20, 10:25, 19:23, 25:17, 26:19
entered [1] - 3:3
entering [1] - 18:15
enterprise [24] - 6:6, 6:7, 7:2, 7:4, 7:5, 7:14, 7:21, 8:7, 8:11, 8:13, 21:21, 22:6, 22:11, 28:6, 28:9, 29:8, 29:12, 29:15, 29:20, 30:3, 30:14, 30:23
enters [2] - 2:2, 2:20
entirety [2] - 11:20, 12:16
ESQ [5] - 1:15, 1:17, 1:18, 1:21, 1:22
establish [5] - 8:7, 8:10, 30:22, 31:2, 31:6
established [1] - 8:5
estimate [1] - 24:15
estimates [1] - 23:10
event [4] - 12:5, 15:12, 20:9, 32:23
events [1] - 19:20
evidence [4] - 8:4, 10:1, 10:2, 10:5
examine [1] - 9:25
examined [1] - 4:6
exclusively [1] - 12:10
Exhibit [3] - 3:18, 11:17, 19:13

existed [1] - 8:8
explain [5] - 4:17, 15:14, 19:19, 20:16, 20:18
explained [2] - 6:14, 13:1
extent [1] - 14:4
extortion [1] - 17:12

### F

face [1] - 4:11
fact [4] - 24:3, 24:14, 30:25
factor [1] - 24:19
factors [4] - 23:4, 24:21, 24:22, 24:25
factual [3] - 31:2, 31:7, 31:13
failed [1] - 9:18
false [1] - 4:12
Family [1] - 8:9
family [4] - 7:3, 7:14, 22:1, 22:12
far [2] - 4:23, 30:6
fashion [1] - 6:22
February [3] - 27:22, 28:4, 29:5
Federal [5] - 8:1, 8:2, 8:17, 25:7, 28:12
few [1] - 32:16
figure [2] - 21:22, 22:5
file [2] - 15:9, 16:15
finally [1] - 25:17
financial [1] - 21:20
fine [5] - 21:20, 22:7, 22:8, 22:13
first [7] - 4:6, 6:23, 7:10, 8:7, 9:3, 14:8, 15:8
FISCHETTI [38] - 1:19, 1:21, 2:8, 2:16, 2:23, 3:2, 3:9, 3:11, 3:19, 5:12, 5:15, 5:18, 12:19, 13:17, 13:19, 13:21, 14:1, 14:12, 17:14, 18:2, 18:22, 19:1, 19:11, 19:15, 19:17, 26:6, 26:11, 26:17, 26:21, 28:2, 31:8, 31:23, 32:3, 32:6, 32:9, 32:12, 32:20, 33:2
Fischetti [10] - 2:16, 2:25, 3:16, 12:1, 12:7, 12:15, 12:23, 14:2, 19:10, 31:5
Floor [1] - 1:20
follow [2] - 12:4, 24:20
follows [2] - 4:7, 20:25
FOR [1] - 1:11
forced [2] - 10:12, 27:6
foreign [3] - 7:15, 30:19, 30:25
forfeited [2] - 16:25, 21:25
forfeiture [8] - 16:20, 16:25, 17:5, 17:24, 18:7, 18:9, 22:23, 32:1
form [1] - 7:18
formed [1] - 8:21
forward [1] - 24:15
four [2] - 13:6, 15:8
free [1] - 27:4
full [1] - 21:7
fully [1] - 31:11
furtherance [1] - 30:24

### G

gambling [6] - 7:25, 8:2, 8:17, 28:11, 28:15, 28:21
generally [1] - 20:25

given [6] - 16:16, 17:11, 18:24, 31:10, 31:16, 32:22
global [4] - 20:17, 23:15, 23:16, 24:13
Government [32] - 1:15, 2:11, 6:15, 8:4, 9:15, 9:18, 9:23, 10:1, 12:17, 13:4, 14:16, 15:1, 15:18, 16:4, 17:21, 18:6, 19:7, 19:25, 20:7, 20:11, 22:10, 22:23, 23:10, 23:17, 23:22, 24:2, 24:14, 27:10, 30:8, 30:17, 30:21, 31:20
Government's [3] - 3:17, 11:17, 19:13
Graziano [1] - 19:22
gross [3] - 21:21, 22:5, 22:10
group [2] - 27:24, 28:5
guideline [6] - 23:11, 23:13, 24:4, 24:9, 24:19, 24:20
guidelines [2] - 23:5, 23:6
guilt [2] - 11:7, 16:23
guilty [40] - 3:4, 3:14, 5:11, 5:14, 5:21, 9:2, 9:4, 9:7, 9:17, 9:19, 10:21, 11:1, 11:4, 11:6, 11:24, 15:2, 15:19, 15:20, 15:25, 19:21, 19:23, 20:2, 20:10, 20:15, 20:21, 21:23, 23:17, 23:21, 25:17, 25:18, 26:20, 27:1, 27:2, 27:3, 27:7, 27:13, 31:14

### H

habeas [1] - 16:15
hand [2] - 4:3, 10:12
Handing [3] - 18:21, 19:9, 32:2
hear [2] - 26:7, 27:19
high [2] - 4:24, 22:13
higher [2] - 15:22, 15:25
himself [1] - 10:15
History [1] - 23:12
Hobbs [1] - 17:12
hold [1] - 10:16
Holley [1] - 32:14
Honor [94] - 2:13, 2:19, 3:2, 3:19, 4:14, 4:19, 5:6, 5:9, 5:12, 6:15, 5:22, 5:25, 6:4, 6:8, 6:13, 8:24, 9:21, 11:22, 12:2, 12:11, 12:14, 12:19, 12:22, 13:3, 13:15, 13:17, 13:19, 14:5, 14:12, 14:19, 14:23, 15:3, 16:12, 16:18, 16:21, 17:4, 17:8, 17:14, 17:17, 17:23, 18:2, 18:12, 18:23, 19:4, 19:11, 19:15, 20:4, 20:13, 20:23, 21:10, 21:18, 21:24, 22:16, 22:21, 22:25, 23:2, 23:8, 23:20, 23:25, 24:11, 24:17, 25:6, 25:16, 25:23, 26:3, 26:6, 26:14, 26:17, 26:21, 26:24, 27:2, 27:5, 27:8, 27:14, 27:17, 29:2, 29:10, 29:14, 29:17, 29:21, 30:1, 30:5, 30:11, 30:16, 30:20, 31:4, 31:8, 31:23, 32:10, 32:13, 32:15, 32:20, 32:22
Honor's [2] - 14:13, 18:17
HONORABLE [1] - 1:12
hours [1] - 5:4
hundred [1] - 22:18

## I

idea [1] - 21:12
identified [4] - 7:5, 8:8, 29:9, 29:12
identifies [2] - 7:2, 7:10
II [1] - 23:12
important [1] - 23:3
impose [4] - 12:2, 12:9, 14:5, 22:19
imposes [3] - 12:11, 15:12, 20:24
imposing [1] - 15:24
imprisonment [1] - 15:13
include [1] - 24:23
includes [1] - 19:21
including [4] - 5:1, 12:9, 30:12, 30:14
inclusive [1] - 7:9
incorporated [1] - 6:25
incriminate [1] - 11:9
incurred [3] - 7:25, 8:1, 8:17
indicated [2] - 12:1, 13:4
indictment [14] - 3:5, 3:8, 3:15, 6:3, 15:19, 17:1, 17:10, 17:12, 18:9, 22:6, 26:9, 29:9, 29:13, 30:23
indirectly [2] - 7:20, 28:9
individual [4] - 28:11, 28:16, 28:24, 29:1
individuals [2] - 27:24, 28:6
inform [1] - 12:7
information [1] - 31:10
initial [2] - 18:19, 19:2
innocence [1] - 16:23
innocent [1] - 9:14
inquiry [1] - 30:18
instance [1] - 24:12
instead [1] - 10:20
intends [1] - 12:4
intentionally [2] - 7:16, 28:8
interstate [4] - 7:15, 28:7, 30:19, 30:25
introduction [1] - 6:6, 7:1
involved [3] - 8:14, 29:22, 29:24
island [1] - 28:11
issue [1] - 15:22
itself [1] - 7:6

## J

Jack [1] - 2:11
JACK [1] - 1:17
January [1] - 7:7
Joe [1] - 21:25
JUDGE [1] - 1:12
Judge [5] - 2:2, 2:9, 2:21, 19:2, 32:25
judgment [1] - 11:1
July [4] - 31:19, 31:20, 31:21, 33:12
June [1] - 31:17
jury [6] - 9:9, 9:19, 10:16, 16:23, 16:24, 17:1

## K

keep [2] - 32:14, 32:17
kind [1] - 5:5
knowingly [2] - 7:16, 28:7

Kristin [1] - 2:12
KRISTIN [1] - 1:18

## L

Laforte [1] - 19:22
last [1] - 21:23
late [1] - 25:21
law [10] - 7:25, 8:1, 8:2, 8:3, 8:16, 8:18, 9:15, 13:11, 24:24, 28:13
laws [2] - 9:8, 10:13
lawyer [1] - 9:24
least [7] - 7:18, 8:21, 22:2, 22:4, 30:6, 30:15
legal [1] - 9:25
less [1] - 16:6
lie [1] - 4:10
limitations [1] - 30:9
look [2] - 18:25, 19:2
LORETTA [1] - 1:15
LYNCH [1] - 1:15

## M

ma'am [1] - 14:1
MACE [2] - 1:18, 2:14
Mace [1] - 2:12
mall [1] - 1:24
maintains [1] - 23:22
MALGIERI [2] - 1:22, 2:19
Malgieri [1] - 2:17
mandatory [1] - 22:19
marked [3] - 3:17, 11:17, 19:13
Marshals [2] - 32:7, 32:9
Massino [1] - 21:25
matter [1] - 26:1
matters [1] - 25:2
maximum [6] - 11:25, 13:10, 20:20, 21:1, 21:20, 22:8
mean [2] - 16:1, 24:15
meaning [1] - 23:17
means [7] - 3:23, 6:7, 7:17, 11:8, 15:15, 25:10
medicine [1] - 5:5
meet [1] - 9:18
member [1] - 7:3
mentioned [1] - 24:18
methods [1] - 6:7
might [2] - 24:13, 26:1
million [3] - 21:25, 22:2, 22:4
mind [2] - 5:7, 25:20
mine [1] - 18:22
misspoke [1] - 14:11
misstate [1] - 13:18
mistake [1] - 15:24
moment [1] - 33:3
Monday [1] - 1:7
money [4] - 28:16, 28:19, 28:20, 28:23
months [5] - 15:13, 16:6, 16:7, 23:11, 24:1
move [1] - 23:22
must [2] - 18:16, 22:19

## N

names [1] - 7:11
need [6] - 13:1, 24:23, 27:19, 30:8, 30:17, 30:18, 31:1, 31:6, 31:22, 33:5, 33:7
NEW [1] - 1:1
New [11] - 1:6, 1:16, 1:17, 1:21, 7:9, 7:24, 8:3, 8:16, 28:12, 28:13
next [1] - 6:2
Nostra [1] - 7:4
nothing [1] - 26:17
number [1] - 3:5

## O

oath [2] - 3:25, 4:1
object [1] - 8:15
objections [2] - 10:1, 31:18
OF [3] - 1:1, 1:3, 1:11
offense [4] - 20:20, 24:7, 24:23, 25:2
offer [3] - 8:4, 10:1, 10:2
offering [1] - 10:5
offers [1] - 3:4
Office [1] - 11:19
office [1] - 11:21
Official [1] - 1:23
old [1] - 4:21
one [17] - 7:18, 8:8, 8:16, 8:20, 8:21, 11:22, 12:3, 12:5, 12:15, 13:5, 13:7, 13:22, 14:24, 14:25, 18:24, 23:3, 23:16, 23:18, 26:6, 27:11, 31:24
one-year [2] - 14:25, 27:11
ongoing [1] - 30:3
open [2] - 2:1, 27:19
opinion [1] - 14:5
opportunity [3] - 20:9, 20:11, 25:12
oppose [1] - 13:11
opposed [1] - 13:10
opposing [2] - 13:22, 14:17
order [1] - 30:8
organized [1] - 7:3
original [2] - 9:4, 18:25
otherwise [3] - 12:16, 15:10, 16:9
outstanding [1] - 3:14
own [4] - 10:11, 24:8, 25:1, 27:4

## P

p.m [2] - 1:8, 2:3
paragraph [6] - 6:24, 15:8, 17:6, 17:17, 18:14, 19:24
paragraphs [3] - 17:9, 17:12, 19:6
parole [4] - 25:8, 25:13
part [1] - 29:19
participate [2] - 7:20, 28:8
particular [1] - 6:5
past [2] - 5:4, 30:3
Pause [5] - 2:24, 15:4, 19:3, 26:22, 33:4
pay [2] - 17:25, 18:10
payment [2] - 17:21, 31:25
penalties [2] - 20:19, 21:20

penalty [2] - 20:20, 22:23
people [2] - 20:8, 29:23
period [2] - 20:25, 21:1
perjury [1] - 4:12
persist [1] - 9:3
person [7] - 7:18, 8:20, 8:21, 10:14, 21:23, 27:23, 28:5
personal [1] - 24:8
persons [1] - 7:13
petition [2] - 15:10, 16:15
PHYLLIS [1] - 1:22
Phyllis [1] - 2:17
pills [1] - 5:5
placed [1] - 11:19
places [1] - 19:5
Plaza [1] - 1:16
plea [33] - 2:22, 3:4, 3:14, 3:17, 3:23, 5:11, 5:21, 9:4, 10:22, 11:1, 11:16, 12:21, 12:25, 15:6, 15:17, 17:21, 19:19, 20:8, 20:15, 23:9, 25:17, 25:18, 25:25, 26:7, 26:10, 26:11, 26:20, 27:3, 27:9, 31:3, 31:12, 31:13, 31:14
plead [19] - 3:4, 9:2, 9:7, 10:21, 11:4, 11:24, 15:2, 15:19, 15:20, 19:21, 20:1, 20:8, 20:10, 20:15, 26:23, 26:25, 27:7, 27:12, 32:24
pleading [3] - 5:14, 15:25, 20:21
PLEADING [1] - 1:11
pleads [2] - 23:17, 23:21
pleas [2] - 18:15, 19:23
pled [1] - 21:23
point [5] - 16:14, 23:16, 23:18, 23:23, 25:21, 29:7
pointed [1] - 8:19
possible [1] - 24:12
power [1] - 10:6
practically [1] - 25:9
Pre [3] - 14:6, 31:17, 32:17
Pre-Sentence [3] - 14:6, 31:17, 32:17
prediction [1] - 24:2
presence [1] - 9:24
presently [1] - 4:25
pressured [1] - 27:7
presumed [1] - 9:13
pretty [1] - 25:11
previously [1] - 3:3
prison [6] - 20:21, 20:24, 20:25, 21:7, 21:15, 25:12
Probation [1] - 14:7
problem [1] - 30:10
proceed [1] - 5:17
Proceedings [1] - 1:25
proceedings [6] - 2:24, 15:4, 19:3, 26:22, 33:4, 33:11
produced [1] - 1:25
proffers [1] - 30:21
profits [5] - 21:21, 22:5, 22:11, 22:13, 22:14
promise [5] - 13:8, 13:14, 14:14, 15:1, 27:10
promised [1] - 27:15

promises [1] - 27:12
promote [1] - 24:23
proof [7] - 6:16, 8:6, 9:16, 9:19, 22:10, 22:12
property [1] - 16:24
prove [4] - 6:15, 8:14, 8:20, 9:14
provide [1] - 24:24
provision [9] - 11:23, 15:11, 15:14, 16:13, 18:11, 19:24, 19:25, 20:5, 20:16
provisions [1] - 15:5
psychiatrist [1] - 5:1
public [1] - 9:9
punishment [1] - 24:24
purports [1] - 18:13
purpose [1] - 4:10
pursuant [7] - 3:16, 11:16, 15:10, 16:7, 26:10, 26:11, 29:19
put [4] - 11:23, 22:12, 24:14, 31:2
puts [1] - 22:10

Q

questions [6] - 3:24, 3:25, 11:5, 11:7, 25:24, 31:1

R

raise [3] - 4:3, 9:25, 26:16
range [6] - 23:11, 23:13, 23:14, 24:4, 24:19, 24:20
reached [5] - 11:21, 12:17, 13:6, 18:6, 22:5
read [7] - 6:2, 6:5, 6:9, 6:12, 12:21, 20:5, 29:13
ready [1] - 26:23
realleged [1] - 6:25
reason [3] - 5:2, 24:5, 26:19
reasonable [4] - 6:16, 8:6, 9:16, 30:22
receive [2] - 25:10, 27:16
received [2] - 28:16, 28:20
recently [1] - 4:25
recommend [3] - 12:5, 14:4, 23:18
recommendation [5] - 12:8, 13:12, 14:21, 14:25, 21:12
recommended [1] - 13:25
recommending [4] - 13:22, 14:9, 14:16, 27:10
record [4] - 2:6, 11:23, 19:4, 31:24
recorded [1] - 1:25
reflect [1] - 31:24
regard [1] - 16:20
related [1] - 26:1
relates [1] - 17:9
release [14] - 11:25, 12:3, 12:10, 12:12, 13:9, 14:25, 21:1, 21:2, 21:3, 21:6, 21:14, 21:16, 27:11
rely [1] - 24:3
remain [1] - 2:6
remanded [1] - 33:9
Report [3] - 14:6, 31:17, 32:18
Reporter [2] - 1:23, 1:23

represent [2] - 5:23, 11:18
require [1] - 3:24
respect [1] - 24:24
respectfully [1] - 32:16
response [2] - 4:10, 31:20
responsibility [1] - 24:5
retain [1] - 20:6
retains [1] - 19:25
review [2] - 6:21, 8:25
rights [8] - 3:22, 5:14, 9:1, 9:2, 10:23, 11:13, 25:25, 31:12
rise [1] - 2:4
role [1] - 28:14
RONALD [2] - 1:19, 1:21
Ronald [1] - 2:16

S

S-2 [2] - 3:10, 6:3
Santora [2] - 19:23, 32:23
satisfied [2] - 5:23, 19:12
satisfy [2] - 11:6, 18:8
save [1] - 11:22
schedule [2] - 31:16, 32:23
school [2] - 4:23, 4:24
second [1] - 3:7
Secondly [1] - 32:13
Section [1] - 15:11
see [2] - 32:25
send [2] - 21:7, 21:15
sentence [14] - 12:9, 15:12, 15:23, 15:24, 16:2, 16:5, 16:6, 16:8, 16:10, 16:15, 25:4, 25:10, 25:19, 27:15
Sentence [3] - 14:6, 31:17, 32:17
sentencing [11] - 12:2, 13:9, 23:3, 23:5, 23:6, 24:4, 24:19, 25:7, 26:8, 31:18, 31:21
September [3] - 7:8, 30:12, 30:15
series [2] - 3:24, 21:20
serious [1] - 3:21
seriousness [1] - 24:23
Service [2] - 32:7, 32:10
show [1] - 17:15
side [1] - 15:15
signed [1] - 2:22
significant [1] - 24:19
simply [1] - 10:25
sit [1] - 5:7
slight [1] - 13:21
slow [1] - 27:25
someone [3] - 7:17, 28:18, 28:22
sorry [3] - 2:23, 14:11, 29:3
sought [1] - 10:1
sound [1] - 32:8
special [2] - 22:17, 22:18
specific [1] - 16:5
specifically [2] - 6:11, 15:6
speedy [1] - 9:9
spend [1] - 25:12
spent [2] - 21:8, 21:16
stand [2] - 4:2, 25:18

stands [1] - 20:8
start [2] - 28:2, 28:3
state [1] - 2:5
State [5] - 7:24, 8:3, 8:16, 25:9, 28:13
statement [1] - 4:12
Staten [1] - 28:11
STATES [3] - 1:1, 1:3, 1:12
States [7] - 1:5, 1:15, 1:18, 2:5, 9:9, 10:14, 11:19
statute [2] - 30:9
stenography [1] - 1:25
still [1] - 14:5
stop [1] - 4:17
stronger [1] - 14:17
subject [1] - 5:10
submission [1] - 31:18
subpoena [1] - 10:6
summary [1] - 6:22
superseding [4] - 3:7, 6:3, 17:9, 17:11
supervised [13] - 11:25, 12:3, 12:10, 12:12, 13:9, 14:25, 15:12, 20:24, 20:25, 21:5, 21:13, 21:16, 27:11
supplement [1] - 30:18
support [1] - 6:16
sworn [2] - 4:6, 4:9
system [2] - 9:15, 25:7

## T

table [2] - 2:7, 2:8
talks [3] - 6:6, 7:1, 20:17
Tele [1] - 1:24
term [10] - 11:25, 12:2, 12:9, 12:12, 13:9, 14:25, 15:12, 20:24, 20:25, 27:11
terms [5] - 10:5, 16:7, 17:20, 21:6, 21:14
testified [1] - 4:6
testify [4] - 9:24, 10:7, 10:11, 10:16
THE [204] - 1:12, 2:4, 2:9, 2:10, 2:15, 2:18, 2:21, 2:25, 3:7, 3:10, 3:12, 3:20, 4:9, 4:14, 4:15, 4:19, 4:20, 4:22, 4:23, 4:24, 4:25, 5:3, 5:4, 5:6, 5:7, 5:9, 5:10, 5:13, 5:16, 5:19, 5:22, 5:23, 5:25, 6:1, 6:4, 6:5, 6:8, 6:9, 6:10, 6:11, 6:13, 6:14, 6:18, 6:19, 6:20, 6:21, 8:24, 8:25, 9:6, 9:7, 9:12, 9:13, 9:21, 9:22, 10:4, 10:5, 10:9, 10:10, 10:19, 10:20, 11:3, 11:4, 11:11, 11:12, 11:14, 11:15, 12:13, 12:15, 12:20, 12:22, 12:23, 12:24, 12:25, 13:3, 13:4, 13:15, 13:16, 13:18, 13:20, 13:24, 14:8, 14:11, 14:15, 14:19, 14:20, 14:23, 14:24, 15:3, 15:5, 16:12, 16:13, 16:18, 16:19, 16:22, 17:4, 17:5, 17:11, 17:16, 17:19, 17:24, 18:4, 18:12, 18:13, 18:18, 18:24, 19:8, 19:10, 19:12, 19:16, 19:18, 20:4, 20:5, 20:13, 20:14, 20:23, 20:24, 21:10, 21:11, 21:18, 21:19, 22:7, 22:16, 22:17, 22:21, 22:22, 22:25, 23:1, 23:2, 23:3, 23:8, 23:9, 23:20, 23:21, 24:1, 24:11, 24:12,

24:17, 24:18, 25:6, 25:7, 25:16, 25:17, 25:23, 25:24, 26:3, 26:4, 26:10, 26:12, 26:14, 26:15, 26:18, 26:23, 26:24, 26:25, 27:2, 27:3, 27:5, 27:6, 27:8, 27:9, 27:14, 27:15, 27:17, 27:18, 27:22, 27:25, 28:1, 28:3, 28:14, 28:16, 28:17, 28:20, 28:22, 28:24, 28:25, 29:2, 29:3, 29:5, 29:7, 29:10, 29:11, 29:14, 29:15, 29:17, 29:18, 29:21, 29:22, 30:1, 30:2, 30:5, 30:6, 30:13, 30:16, 30:17, 31:1, 31:5, 31:9, 32:4, 32:11, 32:19, 32:21, 33:1, 33:5, 33:8
therefore [1] - 31:14
they've [4] - 8:8, 13:6, 13:7, 13:13
Third [1] - 1:20
threatened [1] - 27:6
three [4] - 11:25, 13:10, 21:2, 21:3
today [3] - 5:8, 24:8, 25:18
together [1] - 7:12
tomorrow [2] - 19:23, 32:23
Torres [1] - 1:23
total [1] - 22:5
town [1] - 32:13
Transcript [1] - 1:25
TRANSCRIPT [1] - 1:11
Transcription [1] - 1:25
trial [12] - 9:9, 9:13, 9:22, 10:10, 10:13, 10:15, 10:20, 10:22, 10:23, 11:13, 25:20, 30:21
truth [1] - 4:9
try [1] - 4:17
trying [1] - 25:3
turned [1] - 28:23
turning [1] - 31:24
twice [2] - 21:21, 22:13
two [5] - 7:11, 19:4, 21:5, 21:7, 31:23

## U

U.S.C [1] - 15:10
under [11] - 3:25, 5:1, 7:24, 8:16, 9:8, 9:14, 10:13, 13:11, 15:19, 16:5, 16:13
underlying [1] - 26:8
unenforceable [2] - 7:24, 8:16
UNITED [3] - 1:1, 1:3, 1:12
United [7] - 1:5, 1:15, 1:18, 2:5, 9:9, 10:14, 11:19
unlawful [4] - 3:5, 7:22, 7:23, 8:13
up [13] - 9:2, 10:22, 11:8, 11:12, 14:5, 14:13, 16:9, 16:16, 22:4, 28:1, 30:11, 30:15, 31:22

## V

VButlerRPR@aol.com [1] - 1:24
Victoria [1] - 1:23
view [1] - 5:13
VINCENT [1] - 1:8
Vincent [2] - 7:11, 22:2
violate [1] - 21:6
violated [3] - 21:3, 21:14, 28:12
violation [3] - 8:1, 8:2, 8:17

Vito [1] - 7:12
voluntarily [2] - 27:4, 31:11

## W

waiting [1] - 2:21
waiving [1] - 5:14
week [1] - 32:14
WHEREUPON [1] - 33:11
whole [2] - 3:24, 21:19
willing [1] - 11:12
wish [1] - 3:13
wishes [1] - 3:13
withdraw [2] - 20:10, 20:14
withdraws [1] - 3:3
witness [2] - 10:13, 10:14
witnesses [3] - 9:22, 9:25, 10:6
word [1] - 14:3
words [3] - 20:9, 27:19, 28:18
written [1] - 14:6

## Y

year [6] - 12:3, 12:6, 13:10, 13:23, 14:25, 21:13, 21:15, 27:11
years [7] - 11:25, 13:10, 20:21, 21:2, 21:3, 21:5, 21:7
YORK [1] - 1:1
York [8] - 1:6, 1:16, 1:17, 1:21, 7:9, 7:24, 8:3, 8:16, 28:12, 28:13
yourself [2] - 11:9, 28:25
yourselves [1] - 33:6